UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                              : Civil Action No. 07-CV-8171 (JCM)

MICHAEL GRECCO PHOTOGRAPHY, INC.,

                                                              : **ANSWER**

                          Plaintiff,

v.

EVERETT COLLECTION, INC.,

                          Defendant.

------------------------------------------------------------x

Defendant Everett Collection, Inc. ("Everett"), by its undersigned counsel, as and for its Answer to the Complaint dated September 18, 2007, filed herein by Plaintiff Michael Grecco Photography, Inc. ("Grecco"), hereby responds as follows[1]:

1. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except admits that Michael Grecco is a photographer.

2. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

3. Admits.

4. Denies and avers that paragraph 4 does not exist in Plaintiff's Complaint. Defendant respectfully refers the Court to the Complaint.

5. Contains only allegations of law which requires no response.

6. Contains only allegations of law which requires no response.

7. Contains only allegations of law which requires no response.

---

[1] The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

9. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

11. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

12. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

13. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

14. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

15. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

16. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

17. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

18. Denies.

19. Denies, except admits that Everett is not an agent of Grecco.

20. Denies first sentence, except admits that Everett operates an internet website possessing a URL address of www.everettcollection.com. Denies the second sentence. Denies the third sentence.

21. Defendant admits the first sentence. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity as to where Plaintiff obtained the materials in Exhibit A, and respectfully refers the Court to those Exhibits for complete recitation of the contents thereof.

22. Denies the allegations in the first sentence except, admits that Defendant placed a watermark or an "e" on images located on its website. Denies the second sentence. Denies the third sentence.

23. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and respectfully refers the Court to the contents of Exhibit B for a complete recitation of the contents thereof.

24. Denies.

25. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

26. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

27. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

28. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

29. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

30. Denies.

31. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

32. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

33. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence. Denies the second sentence.

34. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence. Denies the allegations in the second sentence except, admits that Defendant placed a watermark or an "e" on all images on its website. Denies the allegations in the third sentence, except admits that Defendant was not an agent of Grecco.

35. Contains only allegations of law which requires no response in the first sentence. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence.

36. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

37. Denies.

38. Denies.

39. Denies.

40. Denies.

41. Defendant respectfully refers the Court to the original correspondence dated July 15, 2006 and denies the remaining allegations.

42. Denies.

43. Denies.

44. Admits.

45. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence.

46. Denies.

47. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence.

48. Denies all allegations except, admits that Defendant has not made a claim to be the copyright owner of the images.

49. Contains only allegations of law which requires no response.

## COUNT 1

50. Defendant re-alleges its responses to paragraphs 1 through 49.

51. Denies all allegations except, admits that Defendant did not seek authorization from Grecco regarding the subject images and avers that it was not required to seek Plaintiff's consent.

52. Denies.

53. Denies all allegations of fact and with respect to allegations of law the Defendant is not required to respond.

54. Denies.

55. Denies.

56. Denies all allegations of fact and with respect to allegations of law the Defendant is not required to respond.

## COUNT 2

57. Defendant re-alleges its responses to paragraphs 1 through 57.

58. Denies, except Defendant admits that Everett operates an internet website possessing a URL address of www.everettcollection.com, admits it did not seek Plaintiff's

5

authorization, license or consent and avers that it was not required to obtain Plaintiff's authorization, license or consent.

59. Denies all allegations of fact and with respect to allegations of law the Defendant is not required to respond.

60. Denies all allegations of fact and with respect to allegations of law the Defendant is not required to respond.

61. Denies.

62. Denies.

63. Denies.

64. Denies all allegations of fact and with respect to allegations of law the Defendant is not required to respond.

## COUNT 3

65. Defendant re-alleges its responses to paragraphs 1 through 64.

66. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence.

67. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence.

68. Denies.

69. Denies.

70. Denies.

71. Denies.

72. Denies all allegations of fact and with respect to allegations of law the Defendant is not required to respond.

73. Denies.

## COUNT 4

74. Defendant re-alleges its responses to paragraphs 1 through 73.

75. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

76. Denies.

77. Denies.

78. Denies.

79. Denies.

80. Denies.

81. Denies all allegations of fact and with respect to allegations of law the Defendant is not required to respond.

82. Denies.

## COUNT 5

83. Defendant re-alleges their responses to paragraphs 1 through 82.

84. Denies.

## DEFENSES

Defendant's defenses include the following:

### First

Plaintiff's claims are barred because plaintiff's claimed copyright registration are nonexistent, defective or inapplicable, or were improperly obtained.

### Second

Plaintiff's claim for statutory damages under the Copyright Act is barred by the plain language of same, since, inter alia, the acts complained or commenced, if at all, prior to the effective date of any valid registration.

### Third

Plaintiff's complaint fails to set forth any claim upon which relief may be granted.

### Fourth

Plaintiff's claims are barred in whole or in part by statutes of limitations.

### Fifth

Plaintiff's claims are barred by the doctrine of laches, estoppel, misuse, failure to mitigate, waiver, acquiescence, license, assumption of risk, and unclean hands and by the Statute of Frauds.

### Sixth

If and to the extent that Defendant is found to have infringed Plaintiff's alleged copyright, Defendant was an innocent copyright infringer.

### Seventh

Use by the Defendant of any elements of Plaintiff's claimed work, if any, is de minimis and fair use.

### Eighth

To the extent that Plaintiff has suffered any injury or damage as alleged, it is the result of the acts or omissions of those other than Defendant, over which Defendant had no direction or control.

### Ninth

Assuming *arguendo* that Plaintiff has stated a claim under United States copyright laws, Defendant's actions were not willful.

### Tenth

Defendant did not know and could not have reasonably known that Plaintiff asserted that the items complained of were an infringement of Plaintiff's rights.

<u>Eleventh</u>

Plaintiff lacks standing.

<u>Twelfth</u>

Plaintiff is not entitled to injunctive relief as monetary relief sufficiently may remedy any actionable harm alleged.

<u>Thirteenth</u>

The injunctive relief sought is overbroad.

<u>Fourteenth</u>

The Complaint fails to state facts sufficient for plaintiff to recover treble, exemplary or punitive damages.

<u>Fifteenth</u>

If the allegations in the Complaint are true, which Defendant denies, then any damages, if any, purportedly suffered by plaintiff were not proximately caused by Defendant's alleged conduct.

<u>Sixteenth</u>

Three of the applications attached as Exhibit B appear not to be registrations.

<u>Seventeenth</u>

Plaintiff maintains it has a claim concerning at least twenty-two images, but cannot identify or provide best edition copies of the images it claims have been registered. Defendant is currently reviewing the facts and circumstances underlying this case, and discovery has not commenced herein; Defendant accordingly reserves the right to amend these affirmative defenses or to add further affirmative defenses to the extent it deems necessary.

**WHEREFORE**, Defendant respectfully requests the following relief:

1. Trial by jury of all issues so triable.

2.  That the Complaint be dismissed in its entirety and judgment entered thereupon in favor of the Defendant;

3.  That Plaintiff take nothing by this action;

4.  That Defendant be awarded their attorneys fees and costs of suit herein as a prevailing party under 17 U.S.C. § 505; and

5.  All such other and further relief as is just and proper.

Dated: New York, New York
November 9, 2007

                                            COWAN, DeBAETS, ABRAHAMS &
                                            SHEPPARD LLP

By: _____
                                            Toby M. J. Butterfield
                                            Nancy E. Wolff

                                            41 Madison Avenue, 34th Floor
                                            New York, New York 10010
                                            Tel.: (212) 974-7474

                                            *Attorneys for Defendant Everett Collection, Inc.*