Edward Greenberg, Esq. (ECG 5553)
EDWARD C. GREENBERG, P.C.
570 Lexington Ave. 17th Floor
New York, NY 10022
(212) 697-8777

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x    Index No.: 07 CIV 8171
                                                                          (Hon. Colleen McMahon)
MICHAEL GRECCO PHOTOGRAPHY, INC.

         Plaintiffs,    **PLAINTIFF'S FIRST DEMAND FOR THE PRODUCTION OF DOCUMENTS**

  - against -

EVERETT COLLECTION, INC.

         Defendants.

---------------------------------------------------------------------x

**DEFINITIONS AND INSTRUCTIONS**

 1. The term "document" as used herein means, without limitation, the following items, whether printed or recorded or reproduced by any other electronic, computer and/or mechanical process, or written or produced by hand: agreements, communications, correspondence, telegrams, faxes, memoranda, summaries or records of phone conversations or personal conversations or interviews or diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries, records, reports of investigations or consultants, photographs, motion picture film, video tape, laser disc, videographs, computer disc, cd-rom disc, brochures, pamphlets, circulars, advertisements, press releases, posters, drafts, letters and all other writings which are in the possession, custody or control of the defendant (or agents,

attorneys or any person acting for the defendant(s) or on its or his behalf), or to which the defendant has access.

2. The words "relating to" or "relate to" shall be construed in their broadest sense to mean directly or indirectly describing, setting forth, discussing, commenting upon, supporting, contradicting or referring to the subject in question, either in whole or in part.

3. The word "between" shall be construed in its broadest sense to mean at any time during the applicable given dates.

4. The singular form of a noun or pronoun includes the plural and vice versa.

5. Documents produced pursuant to these requests are to be produced in such a manner as to indicate clearly the identity of the file in which such document was located.

6. If any document requested herein has been lost or destroyed or transferred out of your possession or custody or control, identify the document and its last known location. Describe the circumstances surrounding the document's loss, destruction or transfer as completely as possible.

7. Unless otherwise stated, the conjunctions "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed as outside its scope.

8. If any document request can not be complied with in full, the request should be complied with to the extent possible, and an explanation should be provided as to why full compliance is not possible.

9. Where a claim of privilege is asserted in objecting to the production of any document requested herein, the nature of the privilege being claimed shall be indicated and the

following information shall be provided in the objection or in the form of a list or log of privileged documents: (1) the type of document; (2) the subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the names and addresses of all intended recipients of the document; (6) the present custodian of the document, and (7) the number of pages of the document.

10. Unless otherwise stated, the applicable time period for any demand herein shall be from January 1, 2005 up through and including the present date.

11. These document requests are continuing in nature. In the event that you become aware or additional information relating or referring thereto, that information is to be promptly produced pursuant to this demand.

12. The subject images shall be the images created by the plaintiff and identified in the complaint annexed hereto as Exhibit "A."

13. References to "the present date" shall be the date set forth on this document demand.

## DOCUMENTS TO BE PRODUCED

1. True copies of any contract or agreement, inclusive of any licenses thereto, by and between the defendants and any third party from whom the defendant received one or more of the subject images or any variations of the subject image.

2. True copies of any contract(s) license (s) or agreement(s) by and between the defendant and one or more of the following: Columbia Pictures Television, 20th Century Fox Film Corporation, 20th Century Fox Home Entertainment, United Paramount Network, Pet Fly Productions, Flame TV, Flame Ventures, USA Cable Network, L.I.F.T. Productions, Paramount Television, Spelling Television, USA Network, MCA Television, Renaissance

Television, Universal Television Studios, USA Television, Ten-Thirteen Productions, X-F Productions, referencing or pertaining to the use, publication, transmission, dissemination, sublicensing and/or distribution of any of the subject images.

2b. Copies of any and all document upon which the defendants intend to rely for the proposition that it was authorized to: (i) publish one or more of the subject images on its website; (ii) offer usage of the subject images to third parties.

3. True copies of any contract or agreement between the defendant and Michael Grecco or Michael Grecco Photography Inc. referencing or pertaining to the use, publication, transmission, dissemination, sublicensing and/or distribution of any of the subject images. upon which the defendants intend to rely upon as a defense, partial defense or mitigation.

4. True copies of any contract or agreement by and between the defendant and one or more of the person(s) contained in the subject images:  Gillian Anderson, David Duchovny, Renee O'Connor, Lucy Lawless, Luke Perry, Christina Applegate, Adam Goldberg, Parker Posey, Michael Madsen, Vincent Perez, Thomas Kretschmann, Ivana Millicevic, Richard Burgi, Garrett Maggart, or Kevin Smith referencing or pertaining to the use, publication, transmission, dissemination, sublicensing and/or distribution of any of the subject images upon which the defendants intend to rely upon in this matter.

5. True copies of any document, inclusive of correspondence or e-mails, evidencing or contemplating the creation termination, or modification of any agreement referenced in paragraphs 2-4 above.

6. All documents, including but not limited to contracts, licensing statements and royalty reports which set forth the name of the any third party who provided any of the subject images to the defendant via actual delivery and/or electronic means.

7. Copies of all documents which reflect or indicate receipt by the defendants of any one of the subject images from any third party and the date(s) on which they were received and what photographic media they were received in.

8. True copies of the subject images in the form/media they were received in by defendants and/or as they currently exist in defendant's collection.

9. Copies of any licenses, agreements or any other information which may be attached to the images as they exist in defendant's collection as of the date of (i) the demand letter (ii) the submission of the complaint.

10. The date(s) on which the individual subject images were uploaded to the defendant's website or otherwise inserted into defendant's archive or collection.

11. All documents which comprise, represent, reflect or demonstrate the gross income derived by the defendants from the licensing or sales of the subject images or any variation thereof.

12. All documents which comprise, represent, reflect or demonstrate any uncompensated rentals, licenses or uses of the subject images by defendant or their clients or any use of the subject images for which defendants were not paid a fee.

13. Emails, bills, invoices, sales records, and other documents reflecting the identity of any and all third party which licensed, rented, downloaded or otherwise used any of the subject images.

14. All documents that constitute, comprise or reflect each and every entity to which the subject images or any variation thereof was/were provided to licensees and/or third parties by or on behalf of the defendant.

15. All documents reflecting solicitations, negotiations and conversations had with clients or perspective clients referencing or pertaining to the use, publication, transmission, dissemination, sublicensing and/or distribution of any of the subject images. Such demand is inclusive of documents relating to aborted and/or unconsummated transactions.

16. All documents, records, or electronic readouts indicating the number of visitors to the defendant's main website, during the time that Mr. Grecco's images were visible on same, as well as the number of visitors to the pages featuring Mr. Grecco's images.

17. A list of all subscribers of the defendant's website that were capable of viewing, downloading, licensing, renting, or otherwise using the subject images.

18. All documents representing how the defendant "ensures that its subscribers are publishers, movie studios or otherwise members of the target audience for publicity stills."

19. Any published rules or protocols, including but not limited to internal memoranda and employee manuals, or their equivalents evidencing the process or procedures defendants perform in order to ascertain their rights under copyright law as to any image.

20. Any document evidencing that the defendants followed their own rights clearance measures with respect to the subject images.

21. Copies of all motions and their supporting papers, decisions, orders and judgments, pleadings, and settlement agreements in the case "Twentieth Century Fox v. Everett Collections, Inc." filed in the Southern District of New York under the docket number 99-cv-09510. Such pleadings should include but not be limited to:

(a)  the Complaint filed on 09/07/99;

(b) the Answer filed by Everett Collections on 11/02/99;

(c) the Notice of Motion by 20th Century Fox for an order to amend the complaint filed on 3/10/00, and as modified on 04/07/00 and all supporting papers including the proposed Amended Complaint and declarations of Rebecca C. Martin and Marcy Reed;

(d) the Reply Memorandum filed by Everett Collection on 04/03/00 and the declaration of Ronald Harvey attached thereto;

(e) the second Answer filed by the Everett Collections on 04/20/00;

(f) transcripts of all proceedings;

(g) any settlement agreements entered into between the parties after the 1/29/01 letter to Magistrate Judge Peck

(h) transcripts of all depositions held pursuant to this action.

22. Copies of all motions and their supporting papers, decisions, orders and judgments, pleadings, or settlement agreements in the case "Playboy Enterprises, Inc. v. Man's World Publications, The Crescent Publishing Group, Inc., and Everett Collection, Inc." filed in the Southern District of New York under the docket number 98-cv-03485. Such pleadings should include but not be limited to:

(a) the Complaint filed on 05/15/98;

(b) the Answer filed by Man's World Publishing on 06/05/98;

(c) the Amended Complaint filed 01/21/99;

(d) the Answer filed 02/23/99;

(e) the Consent Judgment filed 03/29/99;

(f) and letters sent, transcripts of depositions taken or any settlement between the parties in this action.

23. Copies of all motions and their supporting papers, decisions, orders and judgments, pleadings, and settlement agreements in the case "The Archives of Milton H. Greene, LLC v Time, Inc. and the Everett Collection" filed in the Southern District of New York under the docket number 97-cv-08250. Such pleadings should include but not be limited to:

(a) the Complaint filed 11/06/97;

(b) The Answer filed on 01/16/98 by Time Inc.;

(c) the Stipulation dated 3/19/98;

(d) the Amended Complaint filed on 03/26/98;

(e) the Stipulation filed 7/28/98;

(f) any settlement entered into between the parties filed after 7/28/99;

(g) transcripts of any depositions conducted by the parties pursuant to the litigation.

24. Copies of all motions, decisions, orders and judgments, pleadings, and settlement agreements in any action in any court of competent jurisdiction against the Everett Collection where a claim(s) or counterclaim(s) of copyright infringement was asserted against the the Everett Collection excluding the litigations referenced hereinabove.

25. Any published articles or books authored in whole or in part by Ron Harvey.

26. Any advertising or promotional materials created, distributed, published or disseminated by the Everett Collection between January 1, 1998 and the present day.

Dated: New York, New York
February 25, 2008

BY: /s/ Edward C. Greenberg
EDWARD C. GREENBERG (5553)
570 Lexington Ave. 17th Floor
New York, New York 10022

                                                    (212)697-8777
                                                    Attorneys for Plaintiff

To:

Nancy Wolff, Esq.
Toby Butterfield, Esq.
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue 34th Floor
New York, New York 10010
Attorneys for Defendant