Edward Greenberg, Esq. (ECG 5553)
EDWARD C. GREENBERG, P.C.
570 Lexington Ave. 17th Floor
New York, NY 10022
(212) 697-8777

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MICHAEL GRECCO PHOTOGRAPHY, INC.

                              Plaintiffs,

    - against -

EVERETT COLLECTION, INC.

                              Defendants.

------------------------------------------------------------------x

Index No.:  07 CIV 8171
(Hon. Colleen McMahon)


**MOTION TO COMPEL
DISCOVERY OR IN THE
ALTERNATIVE TO
EXTEND THE
DISCOVERY PERIOD**


Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Plaintiff herein, Michael

Grecco Photography, hereby moves the Court to compel Everett Collection, Inc. to comply with:

    1.  Plaintiff's Notice of Examination Before Trial of Ron Harvey.

This motion is made on the grounds that the deposition testimony sought is relevant to the

subject matter of the action and does not relate to privileged matters, and the refusal to comply is

without justification.  This Motion is supported by the Declaration of Edward C. Greenberg filed

herewith.

In the alternative, plaintiff Michael Grecco Photography moves this Court to extend the discovery period in this matter for an additional (60) days from this date, through and including August 27, 2008.  The extended discovery period is needed for the following reasons:

2.  The current discovery period was scheduled to close on May 16, 2008.

3.  Plaintiff has been diligently and valiantly attempting to obtain discovery responses from the defendant throughout the discovery period.  (See Exhibit "A" and affidavit of Edward Greenberg attached hereto).

4.  That despite such efforts the defendants have either willfully ignored or negligently and in bad faith attempted to "run out the clock" on the discovery period.

5.  Defendant's response to the plaintiff's document request was lacking.  Defendant objected to every single request and produced a scant 87 pages in response.  Despite repeated attempts by plaintiff on March 28th, April 8th, May 7th, May 9th, May 12th and May 21st, counsel for the defendant has failed to make their client available for a deposition.  Counsel for the defendant has also failed to agree to depose the plaintiff despite the plaintiff repeatedly making himself available for same.

6.  Mr. Greenberg wrote to Magistrate Judge Francis, to whom all discovery disputes were directed, in an attempt to obviate judicial intervention on May 20th.  After a series of letters were exchanged (attached hereto as Exhibit "B") the magistrate noted that the discovery deadline had passed and he was without power to entertain motions with respect thereto.

7.  As a result of the defendant's willful attempts to avoid plaintiff's reasonable discovery request, the parties have not yet scheduled the plaintiff or the defendant's depositions.  Barring any unforeseen circumstances, should this motion be granted the plaintiff does not anticipate the need for any further extensions of the discovery period.

8.  A sixty (60) day extension period will not prejudice any of the parties.  The extension is being requested so that the parties may complete the discovery that they have been unable to conduct thus far.  The extension is not being sought for any purpose contrary to the Federal Rules of Civil Procedure or the Local Rules of this Court.

For these reasons, the plaintiff respectfully requests the Court issue an Order directing the deposition of Ron Harvey or, in the alternative, extending the discovery period in this matter for sixty (60 days), through and including August 27, 2008.  A proposed Order is attached hereto for this Court's convenience.

Respectfully submitted this 27th day of June, 2008

Yours, etc.,

/s/ Edward C. Greenberg
Edward C. Greenberg, Esq. (ECG 5553)
EDWARD C. GREENBERG, P.C.
570 Lexington Ave. 17th Floor
New York, NY 10022
(212) 697-8777

To:
Nancy Wolff, Esq.
Toby Butterfield, Esq.
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue 34th Floor
New York, New York 10010
Attorneys for Defendant

Edward Greenberg, Esq. (ECG 5553)
EDWARD C. GREENBERG, P.C.
570 Lexington Ave. 17th Floor
New York, NY 10022
(212) 697-8777

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MICHAEL GRECCO PHOTOGRAPHY, INC.

                                    Plaintiffs,

        - against -




        EVERETT COLLECTION, INC.




                                    Defendants.

------------------------------------------------------------------x

Index No.:  07 CIV 8171
(Hon. Colleen McMahon)



**DECLARATION OF
EDWARD C. GREENBERG
IN SUPPORT OF
PLAINTIFF'S MOTION TO
COMPEL DISCOVERY OR
IN THE ALTERNATIVE TO
EXTEND THE DISCOVERY
PERIOD**



        EDWARD C. GREENBERG being duly sworn affirms and says under penalty of perjury:

        1.  I am counsel for the plaintiff MICHAEL GRECCO PHOTOGRAPHY, INC.

        2.  The within action sounds in copyright infringement.

        3.  I have diligently, repeatedly and continuously attempted to receive responses to my

reasonable discovery requests from the defendants herein.

        4.  Defendants counsel has consistently and willfully avoided these requests in an attempt to

run out the clock on the discovery period.

        5.  Defendants behavior, as described herein is all the more curious considering that this is a

copyright action for statutory damages and attorney's fees are sought.

6.   This case was referred to Magistrate Judge Francis for a Settlement Conference.  Informal document requests were delivered to defendant's counsel prior to the settlement conference. Plaintiff made these requests in the hopes that defendant would comply so that all parties could be informed going into the conference.  Defendant refused to provide any documents prior to the conference, said conference being requested by the defendants.

7.   The conference was held before Magistrate Judge Francis on February 22nd, 2008 and was unsuccessful.

8.   Plaintiff, following the unsuccessful settlement conference immediately drafted document requests and a deposition notice and served same.  These were then e-mailed to the defendant with electronic signature on February the 25th.  Such documents were also filed with the court through ECF.

9.   The discovery sought by the plaintiff is utterly routine.  Copies of these requests are attached hereto as Exhibit "C."

10.   Much if not all of the discourse between the parties in this matter has occurred via electronic mail.  Defendant had never before disputed the legitimacy of this method of service. Defendant did not reply to the discovery requests.

11.   Several attempts were made to secure a response from the defendants, none of which were successful.

12.   On March 20, 2008, my law clerk Richard O'Brien attached an additional copy of our document requests in an email to Mr. Butterfield.  Mr. Butterfield responded that he would "review this document you attach" and check with his client's availability for a deposition.  Such correspondence is annexed hereto as part of Exhibit "A."

13. Mr. Butterfield then informed us that though he had received the requests via email previously, he did not elect to treat them as "valid service." Not wanting to get into a discovery dispute, and in an attempt to obviate judicial intervention we re-served Mr. Butterfield and agreed that he would have one month to respond to the document requests.

14. Defendants took an additional month to respond to platiniff's very routine document request. Defendant's response was in a word lacking. Defendant produced a scant 87 pages of mostly public records. Further the defendant's *objected to every single document request.*

15. Plaintiff attempted to schedule the deposition of Mr. Harvey via emails dated March 28th, April 8th, May 7th, May 9th, May 12th and May 21st. No phone calls were ever received from opposing counsel despite Mr. Butterfield's promise in his email dated May 9th. (all of which are attached herto as part of Exhibit "A").

16. Plaintiff runs a one man business and resides in the state of California. Notwithstanding your declarant has repeatedly offered to make him available for an oral deposition in the state of New York despite having never received a formal notice to take plaintiff's deposition.

17. A cursory review of the attached email's demonstrate defendant's repeated attempts to obstruct and impede the progress of this matter.

18. Plaintiff has made every attempt to obviate judicial intervention herein. The defendant's position has been quite the opposite at all stages of the litigation.

19. Plaintiff, at this time, cannot file a pre-trial order with the Court on July 1st as necessary discovery remains outstanding. Plaintiff requests that the Court compel discovery or issue an order granting a reasonable extension of 60 days in order to complete the depositions of the parties.

Yours, etc.,

/s/ Edward C. Greenberg
Edward C. Greenberg, Esq. (ECG 5553)
EDWARD C. GREENBERG, P.C.
570 Lexington Ave. 17th Floor
New York, NY 10022
(212) 697-8777

To:
Nancy Wolff, Esq.
Toby Butterfield, Esq.
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue 34th Floor
New York, New York 10010
Attorneys for Defendant

Edward Greenberg, Esq. (ECG 5553)
EDWARD C. GREENBERG, P.C.
570 Lexington Ave. 17th Floor
New York, NY 10022
(212) 697-8777

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x          Index No.:  07 CIV 8171
                                                                              (Hon. Colleen McMahon)

MICHAEL GRECCO PHOTOGRAPHY, INC.

                                    Plaintiffs,                               **PROPOSED ORDER**

        - against -

 EVERETT COLLECTION, INC.


                                    Defendants.

------------------------------------------------------------------x

## <u>ORDER</u>

        Upon review of the plaintiff's MOTION TO COMPEL DISCOVERY OR IN THE

ALTERNATIVE TO EXTEND THE DISCOVERY PERIOD and for good cause shown it is

hereby:

        ORDERED, that the Ron Harvey on behalf of the defendant is directed to submit to a

deposition as noticed in plaintiff Notice of Examination Before Trial.

        ORDERED that the discovery period in this case is thus extended until August 27th,

2008.

        IT IS SO ORDERED this _____ day of _____, 2008


                                                 _____
                                                 HON. COLLEEN MCMAHON
                                                 UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

Subj:   **RE: Grecco v Everett**
Date:   3/20/2008 5:48:42 P.M. Eastern Daylight Time
From:   tbutterfield@cdas.com
To:     ecglaw@aol.com
CC:     nwolff@cdas.com, tbutterfield@cdas.com

C374

Dear Mr. O'Brian:

Thanks for your email.  I will review the document you attach and check with our client about his availability.

Toby

**From:** ecglaw@aol.com [mailto:ecglaw@aol.com]
**Sent:** Thursday, March 20, 2008 4:39 PM
**To:** tbutterfield@cdas.com
**Cc:** nwolff@cdas.com
**Subject:** Grecco v Everett

Dear Mr. Butterfield,

Attached hereto are additional copies of our discovery requests in the above captioned action.  On the initial EBT notice Mr. Greenberg mistakenly put down the deposition date for your client as April 1st.  He will be out of town on that date but will be able to conduct the deposition of Ron Harvey at any time from April 8-11th inclusive.

We await your response to our document demands, also attached hereto.

Very truly yours,

Richard O'Brien
-Law Clerk for Edward Greenberg

Planning your summer road trip? Check out AOL Travel Guides.

Thursday, March 20, 2008 AOL: Ecglaw

**From:** ecglaw@aol.com
**To:** tbutterfield@cdas.com
**Cc:** nwolff@cdas.com
**Subject:** Everett
**Date:** Fri, 28 Mar 2008 11:37 am

---

Mr. Butterfield,

Have you discussed with your client when it might be possible to take his deposition yet.  We are trying to set our schedule.  Mr. Greenberg is free for most of the second week in April, barring Monday in the morning.

Please email me or call me at your earliest convenience.

-Richard O'Brien
Law Clerk for Edward Greenberg
(212)697-8777

---

Planning your summer road trip? Check out AOL Travel Guides.

Subj:      **Grecco v. Everett**
Date:      4/8/2008 4:33:20 P.M. Eastern Daylight Time
From:      Ecglaw
To:        tbutterfield@cdas.com
CC:        michael@michaelgrecco.com, nwolff@cdas.com

In keeping with your representations, we expect to receive your documentary responses tomorrow. We renew our request that you provide us with some possible deposition dates in order that we may move this matter forward.

Edward C. Greenberg

Planning your summer road trip? Check out AOL Travel Guides.

Case 1:07-cv-08171-CM-JCF     Document 15     Filed 06/27/2008     Page 13 of 33

**From:** Ecglaw@aol.com
**To:** tbutterfield@cdas.com
**Cc:** michael@michaelgrecco.com; nwolff@cdas.com
**Subject:** Grecco v. Everett
**Date:** Wed, 7 May 2008 3:50 pm

Mr. Grecco will be in NYC the week of June 2 if you want to depose him.  I am available to depose your client at various times during the week of 5/12 and 6/2.  Please advise.

Edward C. Greenberg

Wondering what's for Dinner Tonight? Get new twists on family favorites at AOL Food.

**From:** Ecglaw@aol.com
**To:** tbutterfield@cdas.com
**Cc:** michael@michaelgrecco.com; nwolff@cdas.com
**Subject:** Grecco v. Everett
**Date:** Fri, 9 May 2008 1:37 pm

Request is again made to set deposition dates in this matter. I can be reached until 7 PM today or anytime on Monday, May 12, 2008.

Edward C. Greenberg

Wondering what's for Dinner Tonight? Get new twists on family favorites at AOL Food.

**From:** tbutterfield@cdas.com
**To:** Ecglaw@aol.com; Toby Butterfield <tbutterfield@cdas.com>
**Cc:** michael@michaelgrecco.com; Nancy Wolff <Nwolff@cdas.com>
**Subject:** Re: Grecco v. Everett
**Date:** Fri, 9 May 2008 1:57 pm

---

In court this afternoon but plan to call you at about 5.
T
-----Original Message-----
From: Ecglaw@aol.com

Date: Fri, 9 May 2008 13:37:39
To:tbutterfield@cdas.com
Cc:michael@michaelgrecco.com, nwolff@cdas.com
Subject: Grecco v. Everett


Request is again made to set deposition dates in this  matter.  I can be reached
until 7 PM today  or anytime on Monday, May 12, 2008.

Edward C. Greenberg



----------------
Wondering what's for Dinner Tonight? Get new twists on family favorites at AOL
Food <http://food.aol.com/dinner-tonight?NCID=aolfod00030000000001> .

**From:** Ecglaw@aol.com
**To:** tbutterfield@cdas.com
**Cc:** michael@michaelgrecco.com
**Subject:** Greccov v. Everett
**Date:** Mon, 12 May 2008 6:37 pm

I will be reachable all day tomorrow.  Date suggestions please.

Edward Greenberg

Wondering what's for Dinner Tonight? Get new twists on family favorites at AOL Food.

**From:** Ecglaw@aol.com
**To:** tbutterfield@cdas.com
**Cc:** nwolff@cdas.com; michael@michaelgrecco.com
**Subject:** Grecco v. Everett
**Date:** Wed, 14 May 2008 4:51 pm

I am still awaiting possible deposition dates from your office.
Please advise.

Edward C. Greenberg

Wondering what's for Dinner Tonight? Get new twists on family favorites at AOL Food.

**EXHIBIT B**

# EDWARD C. GREENBERG, P.C.

## COUNSELORS AT LAW

570 LEXINGTON AVENUE, 17ᵀᴴ FLOOR

NEW YORK, NY 10022

------

TELEPHONE: (212) 697-8777

FACSIMILE: (212) 697-2528

ecglaw@aol.com

Of Counsel:
Debra S. Reiser

May 20, 2008

By Facsimile: (212) 805-7390
Magistrate Judge James C. Francis
United States Courthouse
500 Pearl St., Room 1960
New York, NY 10007

RE: Michael Grecco v. Everett Collection
Index No.: 1:07-cv-08171

Dear Hon Judge Francis:

We represent the plaintiff, professional photographer Michael Grecco, in the above captioned action. We appeared before your Honor for a settlement conference on February 22, 2008.

We have made numerous attempts to schedule the deposition of the defendants in this matter, as evidenced by the emails between counsel annexed hereto. We have also, despite never being noticed, offered up Mr. Grecco, a California resident, to be deposed by the plaintiff in New York. Despite these attempts, defendants have taken no action.

We have made every possible attempt to obviate motion practice in this matter but find ourselves at a standstill. Due to the current posture of the defendants we have been unable to move the case forward. Having exhausted our good faith efforts to advance this litigation, we seek the permission of your Honor to make the appropriate motion.

Very truly yours,

EDWARD C. GREENBERG

Cc: Toby Butterfield

# EDWARD C. GREENBERG, P.C.

COUNSELORS AT LAW

570 LEXINGTON AVENUE, 17ᵀᴴ FLOOR

NEW YORK, NY 10022

———

TELEPHONE: (212) 697-8777

FACSIMILE: (212) 697-2528

ecglaw@aol.com

Of Counsel:
Debra S. Reiser

May 28, 2008

Hon. James C. Francis, U.S.M.J.
United Staes District Court
 For the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1960
New York, NY 10007

     Re:  Grecco v. The Everett Collection, Inc.
        07 Cv. 8171 (CM)(JF)

Dear Judge Francis

    We write in reply to defendant's letter dated May 27, 2008, and in an attempt to clarify some of the opposing counsel's misrepresentations.

    To begin with, the defendants were served by this office with a notice to depose defendant by Ron Harvey, at the same time they were served with document requests - March 20, 2008.  Furthermore, this was not the first time that the defendants were served with document requests or a notice to take oral testimony in the within action.

    Plaintiff, following the unsuccessful settlement conference of February 22ⁿᵈ *immediately* drafted document requests and a deposition notice.  These were then emailed to the defendant, with electronic signature, on February the 25ᵗʰ.  Much if not all of the discourse between the parties in this matter has occurred via electronic mail.  Defendant had never before disputed the legitimacy of this method of service.  Defendant did not reply to our discovery requests.

    Several attempts were made to secure a response from the defendants, none of which were successful.  On March 20, 2008, my law clerk Richard O'Brien attached an additional copy of our document requests in an email to Mr. Butterfield.  Mr. Butterfield responded saying that he would "review this document you attach" and check with his client's availability for a deposition, such correspondence is annexed hereto.

EDWARD C. GREENBERG, PC

Mr. Butterfield then informed us that though he had received the document requests via email previously, he did not elect to treat them as "valid service." Not wanting to get into a discovery dispute, and in attempt to obviate judicial intervention we *re-served* Mr. Butterfield and agreed that he would have one month to respond to the document requests.

Defendants took an additional month to respond to Plaintiff's very routine document request. Defendant's response was, in a word, lacking. Defendant produced a scant 87 pages of mostly public records. Further, and in stark contrast to defendant's representations in its May 27, 2008 letter, defendants objected to *every single* document request. This may be their right but such objections can hardly be defined as "limited."

Defendant did indeed propose <u>vague</u> deposition dates in their letter of April 21, 2008. However, as indicated in our May 20th letter to your Honor, counsel utterly failed to get back to this office when we repeatedly attempted to actually schedule the deposition of Mr. Harvey via e-mails dated March 28th, April 8th, May 7th, May 9th, May 12th and May 21st. No phone calls were ever received from opposing counsel, despite Mr. Butterfield's promise in his email dated May 9th, also annexed to our May 20th letter.

We have made every possible attempt to obviate judicial intervention herein. The defendant's position has been quite the opposite at all stages of the litigation. Plaintiff has, at all times, sought to move this matter forward and defendant's counsel has elected to toss obstacles in his path at every juncture.

Very truly yours,

EDWARD C. GREENBERG

Cc: Toby Butterfield, Esq.

**EXHIBIT C**

Edward Greenberg, Esq. (ECG 5553)
EDWARD C. GREENBERG, P.C.
570 Lexington Ave. 17th Floor
New York, NY 10022
(212) 697-8777

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

MICHAEL GRECCO PHOTOGRAPHY, INC.

                              Plaintiffs,

          - against -

 EVERETT COLLECTION, INC.

                              Defendants.

-------------------------------------------------------------------x

Index No.:  07 CIV 8171
(Hon. Colleen McMahon)

**PLAINTIFF'S FIRST
DEMAND FOR THE
PRODUCTION OF
DOCUMENTS**

## DEFINITIONS AND INSTRUCTIONS

1.  The term "document" as used herein means, without limitation, the following items,
whether printed or recorded or reproduced by any other electronic, computer and/or
mechanical process, or written or produced by hand: agreements, communications,
correspondence, telegrams, faxes, memoranda, summaries or records of phone conversations or
personal conversations or interviews or diaries, graphs, reports, notebooks, note charts, plans,
drawings, sketches, maps, summaries, records, reports of investigations or consultants,
photographs, motion picture film, video tape, laser disc, videographs, computer disc, cd-rom
disc, brochures, pamphlets, circulars, advertisements, press releases, posters, drafts, letters and
all other writings which are in the possession, custody or control of the defendant (or agents,

attorneys or any person acting for the defendant(s) or on its or his behalf), or to which the

defendant has access.

2.   The words "relating to" or "relate to" shall be construed in their broadest sense to

mean directly or indirectly describing, setting forth, discussing, commenting upon, supporting,

contradicting or referring to the subject in question, either in whole or in part.

3.   The word "between" shall be construed in its broadest sense to mean at any time

during the applicable given dates.

4.   The singular form of a noun or pronoun includes the plural and vice versa.

5.   Documents produced pursuant to these requests are to be produced in such a manner

as to indicate clearly the identity of the file in which such document was located.

6.   If any document requested herein has been lost or destroyed or transferred out of

your

possession or custody or control, identify the document and its last known location.  Describe

the circumstances surrounding the document's loss, destruction or transfer as completely as

possible.

7.   Unless otherwise stated, the conjunctions "and" and "or" shall be construed either

disjunctively or conjunctively as necessary to bring within the scope of the request all

documents that might otherwise be construed as outside its scope.

8.   If any document request can not be complied with in full, the request should be

complied with to the extent possible, and an explanation should be provided as to why full

compliance is not possible.

9.   Where a claim of privilege is asserted in objecting to the production of any

document requested herein, the nature of the privilege being claimed shall be indicated and the

following information shall be provided in the objection or in the form of a list or log of privileged documents: (1) the type of document; (2) the subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the names and addresses of all intended recipients of the document; (6) the present custodian of the document, and (7) the number of pages of the document.

10.  Unless otherwise stated, the applicable time period for any demand herein shall be from January 1, 2005 up through and including the present date.

11.  These document requests are continuing in nature.  In the event that you become aware or additional information relating or referring thereto, that information is to be promptly produced pursuant to this demand.

12.  The subject images shall be the images created by the plaintiff and identified in the complaint annexed hereto as Exhibit "A."

13.  References to "the present date" shall be the date set forth on this document demand.

## DOCUMENTS TO BE PRODUCED

1.  True copies of any contract or agreement, inclusive of any licenses thereto, by and between the defendants and any third party from whom the defendant received one or more of the subject images or any variations of the subject image.

2.  True copies of any contract(s) license (s) or agreement(s) by and between the defendant and one or more of the following:  Columbia Pictures Television, 20th Century Fox Film Corporation, 20th Century Fox Home Entertainment, United Paramount Network, Pet Fly Productions, Flame TV, Flame Ventures, USA Cable Network, L.I.F.T. Productions, Paramount Television, Spelling Television, USA Network, MCA Television, Renaissance

Television, Universal Television Studios, USA Television, Ten-Thirteen Productions, X-F

Productions, referencing or pertaining to the use, publication, transmission, dissemination,

sublicensing and/or distribution of any of the subject images.

2b.  Copies of any and all document upon which the defendants intend to rely for the

proposition that it was authorized to: (i) publish one or more of the subject images on its

website; (ii) offer usage of the subject images to third parties.

3.  True copies of any contract or agreement between the defendant and Michael

Grecco or Michael Grecco Photography Inc. referencing or pertaining to the use, publication,

transmission, dissemination, sublicensing and/or distribution of any of the subject images.

upon which the defendants intend to rely upon as a defense, partial defense or mitigation.

4.  True copies of any contract or agreement by and between the defendant and one or

more of the person(s) contained in the subject images:  Gillian Anderson, David Duchovny,

Renee O'Connor, Lucy Lawless, Luke Perry, Christina Applegate, Adam Goldberg, Parker

Posey, Michael Madsen, Vincent Perez, Thomas Kretschmann, Ivana Millicevic, Richard

Burgi, Garrett Maggart, or Kevin Smith referencing or pertaining to the use, publication,

transmission, dissemination, sublicensing and/or distribution of any of the subject images upon

which the defendants intend to rely upon in this matter.

5.  True copies of any document, inclusive of correspondence or e-mails, evidencing or

contemplating the creation termination, or modification of any agreement referenced in

paragraphs 2-4 above.

6.  All documents, including but not limited to contracts, licensing statements and

royalty reports which set forth the name of the any third party who provided any of the subject

images to the defendant via actual delivery and/or electronic means.

7.  Copies of all documents which reflect or indicate receipt by the defendants of any one of the subject images from any third party and the date(s) on which they were received and what photographic media they were received in.

8.  True copies of the subject images in the form/media they were received in by defendants and/or as they currently exist in defendant's collection.

9.  Copies of any licenses, agreements or any other information which may be attached to the images as they exist in defendant's collection as of the date of (i) the demand letter (ii) the submission of the complaint.

10.  The date(s) on which the individual subject images were uploaded to the defendant's website or otherwise inserted into defendant's archive or collection.

11.  All documents which comprise, represent, reflect or demonstrate the gross income derived by the defendants from the licensing or sales of the subject images or any variation thereof.

12.  All documents which comprise, represent, reflect or demonstrate any uncompensated rentals, licenses or uses of the subject images by defendant or their clients or any use of the subject images for which defendants were not paid a fee.

13.  Emails, bills, invoices, sales records, and other documents reflecting the identity of any and all third party which licensed, rented, downloaded or otherwise used any of the subject images.

14.  All documents that constitute, comprise or reflect each and every entity to which the subject images or any variation thereof was/were provided to licensees and/or third parties by or on behalf of the defendant.

15.   All documents reflecting solicitations, negotiations and conversations had with clients or perspective clients referencing or pertaining to the use, publication, transmission, dissemination, sublicensing and/or distribution of any of the subject images.  Such demand is inclusive of documents relating to aborted and/or unconsummated transactions.

16.   All documents, records, or electronic readouts indicating the number of visitors to the defendant's main website, during the time that Mr. Grecco's images were visible on same, as well as the number of visitors to the pages featuring Mr. Grecco's images.

17.   A list of all subscribers of the defendant's website that were capable of viewing, downloading, licensing, renting, or otherwise using the subject images.

18.   All documents representing how the defendant "ensures that its subscribers are publishers, movie studios or otherwise members of the target audience for publicity stills."

19.   Any published rules or protocols, including but not limited to internal memoranda and employee manuals, or their equivalents evidencing the process or procedures defendants perform in order to ascertain their rights under copyright law as to any image.

20.   Any document evidencing that the defendants followed their own rights clearance measures with respect to the subject images.

21.   Copies of all motions and their supporting papers, decisions, orders and judgments, pleadings, and settlement agreements in the case "Twentieth Century Fox v. Everett Collections, Inc." filed in the Southern District of New York under the docket number 99-cv-09510.  Such pleadings should include but not be limited to:

(a)  the Complaint filed on 09/07/99;

(b) the Answer filed by Everett Collections on 11/02/99;

(c) the Notice of Motion by 20th Century Fox for an order to amend the complaint filed on 3/10/00, and as modified on 04/07/00 and all supporting papers including the proposed Amended Complaint and declarations of Rebecca C. Martin and Marcy Reed;

(d) the Reply Memorandum filed by Everett Collection on 04/03/00 and the declaration of Ronald Harvey attached thereto;

(e) the second Answer filed by the Everett Collections on 04/20/00;

(f)  transcripts of all proceedings;

(g)  any settlement agreements entered into between the parties after the 1/29/01 letter to Magistrate Judge Peck

(h) transcripts of all depositions held pursuant to this action.

22.   Copies of all motions and their supporting papers, decisions, orders and judgments, pleadings, or settlement agreements in the case "Playboy Enterprises, Inc. v. Man's World Publications, The Crescent Publishing Group, Inc., and Everett Collection, Inc." filed in the Southern District of New York under the docket number 98-cv-03485.  Such pleadings should include but not be limited to:

(a) the Complaint filed on 05/15/98;

(b) the Answer filed by Man's World Publishing on 06/05/98;

(c) the Amended Complaint filed 01/21/99;

(d) the Answer filed 02/23/99;

(e) the Consent Judgment filed 03/29/99;

(f) and letters sent, transcripts of depositions taken or any settlement between the parties in this action.

23.  Copies of all motions and their supporting papers, decisions, orders and judgments, pleadings, and settlement agreements in the case "The Archives of Milton H. Greene, LLC v Time, Inc. and the Everett Collection" filed in the Southern District of New York under the docket number 97-cv-08250.  Such pleadings should include but not be limited to:

(a) the Complaint filed 11/06/97;

(b) The Answer filed on 01/16/98 by Time Inc.;

(c) the Stipulation dated 3/19/98;

(d) the Amended Complaint filed on 03/26/98;

(e) the Stipulation filed 7/28/98;

(f) any settlement entered into between the parties filed after 7/28/99;

(g) transcripts of any depositions conducted by the parties pursuant to the litigation.

24.  Copies of all motions, decisions, orders and judgments, pleadings, and settlement agreements in any action in any court of competent jurisdiction against the Everett Collection where a claim(s) or counterclaim(s) of copyright infringement was asserted against the the Everett Collection excluding the litigations referenced hereinabove.

25.   Any published articles or books authored in whole or in part by Ron Harvey.

26.  Any advertising or promotional materials created, distributed, published or disseminated by the Everett Collection between January 1, 1998 and the present day.


Dated: New York, New York
        February 25, 2008


                                        BY:  /s/ Edward C. Greenberg
                                        EDWARD C. GREENBERG (5553)
                                        570 Lexington Ave. 17th Floor
                                        New York, New York 10022

(212)697-8777
Attorneys for Plaintiff

To:

Nancy Wolff, Esq.
Toby Butterfield, Esq.
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue 34th Floor
New York, New York 10010
Attorneys for Defendant

Edward Greenberg, Esq. (ECG 5553)
EDWARD C. GREENBERG, P.C.
570 Lexington Ave. 17th Floor
New York, NY 10022
(212) 697-8777

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x          Index No.:  07 CIV 8171
                                                                             (Hon. Colleen McMahon)

MICHAEL GRECCO PHOTOGRAPHY, INC.

                                  Plaintiffs,          **NOTICE OF
                                                                             EXAMINATION BEFORE
                                                                             TRIAL**

        - against -

 EVERETT COLLECTION, INC.

                                Defendants.

-----------------------------------------------------------------x
SIR(S)

       PLEASE TAKE NOTICE that pursuant to Article 31, Section 3101 et seq. of the

C.P.L.R., the undersigned will take deposition upon oral testimony of the parties listed below as

adverse parties at the date, time and place indicated below, concerning all of the relevant facts

and circumstances in connection with this action, including negligence, contributory negligence,

liability and damages.

       PLEASE TAKE FURTHER NOTICE, that the said persons to be examined are required

to produce at such examination all books, papers and memoranda relating to the occurrence.

       PARTIES TO BE EXAMINED:     Ron Harvey

       DATE:                      April 1, 2008

       TIME:                      11:00 A.M.

PLACE:                          570 Lexington Ave. 17th Floor
New York, New York 10022


Dated: February 25, 2007
       New York, New York




                       Yours, etc.,



                       /s/ Edward C. Greenberg
                       Edward C. Greenberg, Esq. (ECG 5553)
                       EDWARD C. GREENBERG, P.C.
                       570 Lexington Ave. 17th Floor
                       New York, NY 10022
                       (212) 697-8777


To:
Nancy Wolff, Esq.
Toby Butterfield, Esq.
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue 34th Floor
New York, New York 10010
Attorneys for Defendant