UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL GRECCO PHOTOGRAPHY INC.,

Plaintiff,

vs.

EVERETT COLLECTION, INC.,

Defendant.

07-CV-8171 (CM)

**DECLARATION OF RON HARVEY**

I, RONALD HARVEY, declare as follows;

1. I am president of the Everett Collection, Inc. ("Everett"), the defendant named in the above action. Everett is a New York Corporation located at 104 West 27th Street, New York, New York.

2. Everett is an archive of predominantly public domain publicity materials that relate to the entertainment industry. It is a relatively small company with approximately 20 full and part time employees.

3. Archives, such as Everett, have existed side by side with the entertainment industry for years. Culver Pictures, a historical archive was established in 1926, and the famous Bettmann Archive was established in approximately 1936. Everett is a more contemporary archive of historical and current images. It was founded nearly 18 years ago by a passionate collector who strove to collect images from every movie and television show produced to create a complete history of popular culture.

4. The publicity department of all the major studios and networks send publicity material to a wide range of publishers and broadcasters. The publicity material is

{A062321.DOC/4}

distributed for free for the express purpose of publication in the legitimate media and is intended to illustrate stories relating to the shows and the stars depicted.

5. Photographers are hired by the studio to take the publicity photographs on either a work-for-hire basis or grant broad rights to the studios to use the photographs in any manner they see fit for publicity and promotional purposes. This is the very purpose of taking these publicity photographs in the first place- to distribute and promote the production. It is unreasonable to think that any studio would hire any photographer to take these publicity photographs unless the studios obtained the broadest possible rights from the photographer so the photograph could be distributed and used by the media without interference by photographers or other parties for the publicity campaign. It is not necessary for publishers or Everett, to obtain any additional consents from the photographers for the use of publicity pictures when used in an editorial manner as these are publicity images.

6. While often the publisher or other user will have received or will have access to the same publicity images, it is more convenient and efficient to use Everett's expertise and its database to enter keywords to select images. Most publishers do not have the resources to adequately file, store, catalog and maintain these materials. Instead, when a publishing deadline approaches, the publishers and sometimes the major studios, which are often clients themselves, contact archives, such as Everett, who have created searchable databases by subject matter and date for easy retrieval. These users prefer to have access to all entertainment publicity images aggregated in one database, instead of having to contact many studios.

7. Everett only allows legitimate media publishers to have access to its archive and does not purport to own copyright in the publicity images in its collection. It merely provides publishers and other users with access to publicly disseminated images for the intended purpose. It charges an access fee for this service, not for granting reproduction rights.

8. In recognition of the fact that the Everett is predominantly an archive, the terms and conditions that accompany a submission of photographs specifically alerts all users that Everett only provides access to images and that Everett is not the copyright owner. Any invoice describing the terms and conditions of using an image from the Everett Collection, is annexed as Exhibit A. Users are thus aware that they are not acquiring any rights of reproduction to the image but are merely accessing these previously disseminated images.

9. Everett uses its best efforts to only provide publishers with publicity and public domain images for what it considered editorial use as opposed to advertising or commercial use. I understand Plaintiff makes no complaint here about any alleged publication of any images.

10. Everett's archive contains various images from the popular television shows of the 1990's. Many of the images named in the complaint include actors from shows such as "The X Files", "Xena Warrior Princess", "Married with Children", "The Sentinel", "Frankenstein" and "Beverly Hills 90210".

11. Everett's database shows the exact date that every image named in this complaint was first scanned and uploaded to Everett's site. The image of Luke Perry was uploaded in 1999. The earliest images from Xena were uploaded in 1999 and the latest in

2003. The image from The Sentinel was not uploaded until 2005. The image of Christina Applegate was uploaded in 2002.

12. Of the twenty two images named in the Complaint, only two were used by publishers. The image of Luke Perry was rented once to "Stuff Magazine" in May 2006 and the user was charged a total access fee of $200.00. An image of Xena from the show "Xena: Warrior Princess" was also rented once to "In Quest Magazine" in February 2005 and the user was charged a total access fee of $100.00. None of the other images in the Complaint were used by any publisher.

Dated: July 1, 2008

*Ronald Harvey* (signature)
_____
Ronald Harvey

# EXHIBIT A