UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL GRECCO PHOTOGRAPHY, INC.

                Plaintiff,

v.

EVERETT COLLECTION, INC.

                Defendant.

Civil Action No. 07-CV-8171 (CM)

**DECLARATION OF TOBY BUTTERFIELD**

      I, TOBY BUTTERFIELD, declare and say:

      1.    I am a member of Cowan, DeBaets, Abrahams and Sheppard LLP, counsel for defendants ("Defendant") in the above-referenced case. I make this declaration of my own knowledge, except where otherwise indicated.

      2.    I submit this declaration in support of Defendant's Motion For Summary Judgment On All Claims.

      3.    Grecco filed this case on September 17, 2007, claiming it owns copyright in twenty-two images of actors from popular 1990's era television shows "The X Files", "Xena Warrior Princess", "Frankenstein", "Married with Children" and "Beverly Hills 90210" and that defendant infringed plaintiff's exclusive rights to its copyrights by posting the images on its website and offering them for rental. Complaint, ¶¶ 52, 59. A copy of the complaint is annexed hereto as Exhibit 1.

      4.    On November 9, 2007, defendant timely answered the Complaint. A copy of its Answer in annexed as Exhibit 2.

      5.    Plaintiff's complaint annexes various images printed from defendant's website, applications for copyright registration and certificates of registration but does not

{A062351.DOC/1}

specify which images are covered by the registrations. In addition, the images were poorly photocopied and difficult to see. Nevertheless, in preparation for a mediation, defendant scrutinized each image and pieced together which images allegedly corresponded with the registrations. For ease of reference, we created the enclosed chart which assigns each image a number and matches the image with what we believe to be its corresponding copyright application and registration. A copy of this chart is annexed as Exhibit 3.

6. On October 23, 2007, Defendant wrote to Plaintiff's counsel requesting deposit copies of plaintiff's copyright registrations and copies of contracts between plaintiff and various studios for which plaintiff was hired to take the photographs. A copy of this letter is annexed as Exhibit 4.

7. On November 15, 2008, plaintiff produced documents annexed as Exhibit 5, which include invoices between Grecco and the various studios for which he photographed images and photocopied images from defendant's website

8. Each of the invoices contains language by which Grecco assigns all usage rights to the studios and retains only the right to use the photographs for personal portfolio and promotional use. For the court's convenience, we have created a chart of all the relevant assignment language from each of the invoices included in plaintiff's November 15th correspondence. This chart is annexed as Exhibit 6.

9. At a November 16, 2007 initial conference before Judge McMahon, the parties submitted a case management plan pursuant to which discovery was to be completed by May 16, 2008. The parties unsuccessfully attempted to resolve the matter through a mediation on February 22, 2008, and on February 25, 2008, plaintiff served its first request for production of documents and notice to take the deposition of Ron Harvey.

10. After a brief agreed extension of time to respond, on April 21, 2008, Defendant served written responses and objections to Plaintiff's demands, produced documents, and indicated dates when Ron Harvey, Everett's principal would be available for deposition. Defendant also served its First Request for Production of Documents and First Interrogatories.

11. Plaintiff did not respond to Defendants' request for production of documents at all. Instead, on May 20, 2008, after the May 16, 2008 deadline for the completion of all discovery, plaintiff wrote to Magistrate Judge Francis alleging that there must be additional documents which Defendant should be compelled to produce, and seeking to confirm the deposition of Mr. Harvey. Defendant pointed out that it was still willing to conduct the depositions of plaintiff and of Mr. Harvey, notwithstanding both the expiration of the discovery period and its intention to move for summary judgment. Magistrate Judge Francis refused to compel additional discovery responses unless plaintiff requested and obtained an extension of discovery from Judge McMahon. Plaintiff did not do so until June 27, long after the close of discovery.

12. Plaintiff accordingly had many months in which to conduct discovery to support its claims, or to compel discovery it claimed it was owed, or to seek to extend the discovery period, or to seek discovery from third parties. Plaintiff failed to do so.

_____
TOBY BUTTERFIELD