Greenberg, Esq. (ECG 5553)
ARD C. GREENBERG, P.C.
Park Avenue 33rd Floor
New York, NY 10017
(212) 697-8777

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MICHAEL GRECCO PHOTOGRAPHY, INC.

                Plaintiffs,

- against -

EVERETT COLLECTION, INC.

                Defendants.

------------------------------------------------------------x

JUDGE McMAHON

'07 CIV 8171

COMPLAINT

JURY TRIAL
DEMANDED

RECEIVED
SEP 18 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff MICHAEL GRECCO PHOTOGRAPHY, INC. by their attorneys, EDWARD C. GREENBERG, P.C., alleges as follows:

### PARTIES

1. At all times hereinafter mentioned, Michael Grecco was, and still is, a highly regarded professional photographer doing business under the corporate name MICHAEL GRECCO PHOTOGRAPHY, INC. (Hereinafter "GRECCO").

2. At all times hereinafter mentioned, plaintiffs were and still are, doing business in the State of New York and are actively engaged in the photography business in the State of New York and elsewhere.

3. The defendant EVERETT COLLECTION, INC. is, upon information and belief, a

New York corporation, authorized to do business in the state of New York, with its principal place of business at 104 West 27th Street, New York, NY 10001.

## JURISDICTION AND VENUE

5. This is a civil action for copyright infringement.

6. Jurisdiction is conferred upon this Court by 28 U.S.C. Section 1338.

7. Venue in the Southern District of New York is proper pursuant to 28 U.S.C. 1400.

## FACTS COMMON TO ALL CLAIMS

8. GRECCO is the corporate entity of award winning photographer Michael Grecco, a successful celebrity photographer of considerable reputation.

9. That based on his name recognition, reputation and expertise as a professional photographer, Michael Grecco is and has been a spokesperson, lecturer and/or compensated endorser for such leading corporations in the photographic field as Canon, Kodak, Hasselblad, SanDisk, Apple and Dyna-Lite. That the use of Michael Grecco's name and reputation in connection with *inter alia,* product endorsements is sought after, commercially valuable and plaintiff is compensated thereby.

10. That Michael Grecco is compensated for the use of his name, reputation and experience by companies seeking to sell their products to other professional photographers because of its considerable recognition within the industry.

11. That plaintiffs' work has been featured on the cover and/or in leading publications distributed worldwide including but not limited to: People, Time, Newsweek, Business Week, Entertainment Weekly, Premier, New York Magazine and Movieline.

12. That plaintiffs' images have been utilized in connection with countless large advertising campaigns by "Fortune 500" corporations and other major corporations including but

not limited to: Nortel, Disney, ABC, Sprint and IBM.

13. Michael Grecco does business in the form and style of plaintiff MICHAEL GRECCO PHOTOGRAPHY, INC.

14. The copyrights and registrations in all of the images relevant herein belong to Michael Grecco Photography, Inc., or Michael Grecco and no transfer, sale or assignment of same has taken place with respect to the images which are the subject of this complaint to any person or entity other than the plaintiffs.

15. That plaintiffs, both directly and through their authorized agents, licenses and leases rights of reproduction, in the United States and throughout the world, to original photographic transparencies, photographs, slides, digital images and visual reproductions (hereinafter "images") created by Grecco.

16. That plaintiffs derive income from fees received resulting from such licensing and would have derived fees from the licensing of the subject images by plaintiffs or any of their agents who are specifically authorized to secure licensing deals on plaintiffs' behalf.

17. Plaintiffs employ the services of the following professional stock and/or syndication agents who are responsible for negotiating, soliciting and/or licensing his work: Exclusive by Getty Images, Blur Photo, M Represents and Uppercut Images. Additionally, plaintiff licenses his work directly to third parties who have contracted with it for assignment work and/or have been solicited by plaintiffs via website, authorized agent and/or paid promotional and/or advertising.

18. That the defendant, EVERETT COLLECTION INC. (hereinafter "Everett"), at all times relevant was and is engaged in the business of licensing and syndicating photographic images for use by third parties and generates income and fees thereby. That Everett competes in

the marketplace with plaintiffs and their agents in attempting to secure photographic licensing deals.

19. That the defendant is not plaintiff's agent and has never had the right to secure licensing transactions on GRECCO's behalf nor to represent to the business community at large that they represent or have ever represented GRECCO in his individual or business capacity.

20. Upon information and belief, commencing in or around January of 2006 The Everertt Collection offered for sale and/or licensing on its website, everettcollection.com, at least twenty two images created by Michael Grecco. Such posting, holding out and offering were without the consent, knowledge or authorization of plaintiffs or any of plaintiff's duly authorized agents. The aforementioned activities competed both with plaintiffs' efforts and their agents' efforts to exploit the images in the same marketplace.

21. The images at issue are of well-known or notable television and entertainment celebrities, including: **Luke Perry** (Beverly Hills 90210), **Lucy Lawless** (Xena, Warrior Princess) and **David Duchovny** and **Gillian Anderson** (The X-Files). Copies of the images as displayed and offered on defendant's site are annexed hereto as Exhibit "A."

22. Defendant without the knowledge, consent or authorization of plaintiffs overlaid the "Everett Collection" logo on each and every one of plaintiffs images. Such alteration represents and leads potential purchasers to believe that defendant has rights to (at least) license the image and/or maintains some business and/or agency relationship with either or both of the plaintiffs. Such representations are self-serving and utterly false.

23. Michael Grecco Photography, Inc., holds the sole copyrights in the subject images and registered the images:

Sentinel, on September 22, 2003, copyright registration VA 1-220-302

Luke Perry, on September 22, 3002, copyright registration VA 1-220-303

Grecco Photography 6/4/04 to 6/30/04, copyright registration Vau 632-558

Xena, on December 3, 2004, copyright registration VA 1-298-835.

Said registrations are collectively annexed hereto as Exhibit "B."

24. Notwithstanding the foregoing, defendant represents (Exhibit "A") that plaintiffs share and/or co-own their copyrights with other entities including, 20th Century Fox, USA Networks, and Paramount Television. Such representations by defendants are utterly false and without any foundation in fact or law.

25. Michael Grecco is a well-known celebrity photographer who has, by way of experience and professional reputation, been assigned to, and/or has been able to gain access to, well-known celebrities and noteworthy individuals. That Grecco's ability to gain access to said subjects is one his most valued business attributes amongst his clients, potential clients, press agents, publishers, celebrities, representatives and others. That by in part and by reason of the forgoing, Grecco's name and reputation have substantial value in the professional photography, advertising, editorial and publishing markets.

26. That it is an essential element of plaintiffs' business that he control and supervise the circumstances under which his images particularly celebrity images are licensed. That the subjects of said images typically require the same and often restrict the media, circumstances and/or conditions under which their images may be displayed to the public and require Mr. Grecco to adhere to such limitations. Unlike "paparazzi" photographers, plaintiff is *invited* by or on behalf of his subjects to create images at their request.

27. That plaintiffs and plaintiffs' agencies derive income and commercially benefit by licensing plaintiffs' work to third parties. That said agencies further benefit commercially by

advertising and or promoting Grecco's name and work as being part of their respective collections, archives or offerings.

28. That plaintiff's and all of plaintiff's agents spend considerable time and expense in connection with the promotion and licensing of GRECCO's images.

29. That Grecco is, at all times relevant herein, a highly recognizable name within the professional photography and media communities. That the use of his name and mark is a valuable commercial asset to plaintiffs and their agents.

30. That for its sole financial benefit, the defendant Everett utilized, traded on and promoted Grecco's name as if it were plaintiffs' authorized agent. That such promotion of the Grecco name and/or mark by defendant commercially benefitted defendant and worked to plaintiffs' detriment.

31. At no time did the plaintiffs nor any agent of plaintiffs convey, deliver or transmit any of subject images to defendant.

32. At no time did plaintiffs consent, authorize or grant a license to defendant to offer for licensing any of plaintiffs' images.

33. At no time did defendant seek to acquire from plaintiffs or from any of plaintiffs' authorized agents, any license or right to appropriate, license, display or otherwise conduct any transactions relating or concerning the images. Had defendant conducted the barest of due diligence it would have readily ascertained that it had no right(s) of any kind to license, display, publish or otherwise possess the subject Grecco images.

34. As aforesaid, plaintiffs' images were displayed on defendant's website. Overlaid on said images in a conspicuous fashion, defendant had placed its own name and/or identity and/or trademark, and/or corporate logo "Everett Collection", misrepresenting to third parties that such

images were under the custody, possession and/or control of defendant and/or that defendant was possessed of any authorization to conduct any transaction on behalf of plaintiff or in connection with any of said images. At no point in time was defendant an agent of Michael Grecco, nor did defendant ever have permission to use the subject images whatsoever.

35. The representation that the subject images were contained in "The Everett Collection" constitutes a violation of plaintiffs' copyrights and trademarks. That had the defendant sought a license, permission or grant of rights to display the images and/or employ plaintiffs' names or marks, plaintiffs *would not have issued same.*

36. That had the defendant sought a license, permission or grant of rights to hold itself out as an agent, representative or locus of plaintiffs' images from plaintiffs' and/or their authorized representatives, *no such permission would have been gra*nted.

37. Defendant is sophisticated and experienced in matters concerning the creation, syndication and licensing of professional photographic images. That the securing, transferring and management of such intellectual property rights are at the very basis of defendant's business model.

38. That defendant represents that it did not seek "licensing fees" from third party customers to whom it provided plaintiffs' images. That upon information and belief defendant charged and collected what it terms to be "rental fees". That the use of the term "rental fee" is a subterfuge or ruse employed to obscure the essence of such transactions, to wit: ongoing copyright infringement of plaintiffs' images in exchange for the payment of money to the defendant.

39. That defendant was aware that with respect to plaintiffs' images it had no authority to "rent", grant any rights or license in any form, provide or transmit in any manner or represent that

it had the authority to do so.

40. That the term "rental fee" as applied and employed by the defendant has no recognizable meaning within the photography, advertising, photojournalism or entertainment industries. That "rental fee" is not a term of art within any of the aforementioned industries and defendant is fully aware of same.

41. Plaintiffs, by counsel, issued and delivered correspondence dated July 15, 2006, to the defendant. That said notice letter, a copy of which is annexed hereto as Exhibit "C", advised defendant that, *inter alia*, it was in violation of plaintiff's copyrights and that it was without authority to represent plaintiff or plaintiff's work, and were directed to remove plaintiff's images from the defendant's website.

42. Defendant has licensed and/or sold plaintiffs' images to third parties and has derived "rental fees" resulting from such transactions.

43. That defendant falsely held itself out and represented itself to be an authorized agent and/or representative of plaintiffs and/or a portion and/or all of plaintiffs' photographic work.

44. That at no time has the defendant had any business relationship of any kind with GRECCO.

45. Upon information and belief, that subsequent to and as a result of the issuance of plaintiffs' notice letter, most if not all of plaintiff's images were removed by defendant from its website.

46. That had plaintiff not discovered the offending uses by defendant and issued written notice by their legal counsel as set forth in this complaint, defendant would have continued to offer the subject images for licensing to third parties and retained any and all "rental fees" obtained thereby.

47. No notice of any kind was provided to the plaintiff or any of plaintiff's authorized agents by the defendant that the images would be appear or did appear on the defendant's website.

48. Defendants have made no claim of copyright or any other such ownership of the subject images.

49. That defendant is without a valid defense to the within action.

## COUNT 1

50. Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "49" as if fully set forth herein.

51. That the use(s) of the subject images by the Defendant in its collection and/or archives and on <everettcollection.com> was without the plaintiffs' authorization, license or consent.

52. That the use of each image constitutes a separate and distinct infringement of the plaintiffs' copyright. Defendant has, upon information and belief, infringed at least twenty two of plaintiffs' images.

53. The aforementioned acts of the Defendant constitute federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the exclusive rights granted GRECCO as copyright holder.

54. Defendant's use of the subject images was willful, intentional and in bad faith.

55. As a result of Defendant's acts, Plaintiffs have been and will continue to be damaged in an amount as yet undetermined.

56. Plaintiffs are further entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., given the willful, intentional,

malicious and bad faith nature of Defendant's copyright infringement.

## COUNT 2

57. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 56 as if fully set forth herein.

58. That the use(s) of the subject image by the Defendant in its collection and/or archives and on <everettcollection.com> was without the plaintiffs' authorization, license or consent.

59. That the use of each image constitutes a separate and distinct infringement of the plaintiffs' copyright. Defendant has, upon information and belief, infringed at least twenty-two of plaintiffs' images.

60. The aforementioned acts of the Defendant constitute federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the exclusive rights granted GRECCO as copyright holder.

61. That Defendant, through the exercise of ordinary business care and/or the examination of public records, knew or should have known that the plaintiffs held the copyright in the subject images and had not sold, transferred or assigned same to any third party.

62. Defendant's use of the subject image in violation of plaintiffs' copyrights was negligent.

63. As a result of Defendant's acts, Plaintiffs have been and will continue to be damaged in an amount as yet undetermined.

64. Plaintiffs are further entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., given the willful, intentional, malicious and bad faith nature of Defendant's copyright infringement.

## COUNT 3

65. Plaintiffs repeat, reassert and reallege each of the allegations contained in paragraphs 1 through 64 as if fully set forth herein.

66. That the plaintiffs have selected and retained the services of experienced photographic agents and representatives.

67. That the identities of such agents and representatives are open, notorious, easily ascertainable via (inter alia) logging on the plaintiffs website and are well known within the professional photographic community of which defendant is an active member.

68. By *inter alia*, virtue of plaintiff's professional reputation, defendant derived significant benefit by holding itself out as plaintiff's agent as set forth hereinabove. Such representations serve to benefit defendant financially and to increase defendant's stature as a "photo library", source or archive.

69. Such representation was without plaintiff's, knowledge, consent or authorization and was done for defendant's sole benefit.

70. That such misrepresentation by defendant was intentional and in bad faith.

71. It is unknown at this time how much traffic was steered to defendant's website by virtue of this misrepresentation and to plaintiff's detriment.

72. That such misrepresentation and use of Mr. Grecco's name constitutes unfair competition and is a violation of Section 43a of the Lanham Act. Such use is likely to cause confusion, and is a calculated effort by defendant to association itself with, or trade off the good will of, Plaintiff in connection with its business.

73. As a result of Defendant's acts, Plaintiffs have been and will continue to be damaged in an amount ultimately to be determined by this honorable court.

## COUNT 4

74. Plaintiffs repeat, reassert and reallege each of the allegations contained in paragraphs 1 through 64 as if fully set forth herein.

75. That the plaintiffs have selected and retained the services of experienced photographic agents and representatives.

76. That the identities of such agents and representatives are open, notorious, easily ascertainable via (inter alia) logging on the plaintiffs website and are well known within the professional photographic community of which defendant is an active member.

77. By *inter alia,* virtue of plaintiff's professional reputation, defendant derived significant benefit by holding itself out as plaintiff's agent as set forth hereinabove. Such representations serve to benefit defendant financially and to increase defendant's stature as a "photo library", source or archive.

78. Such representation was without plaintiff's, knowledge, consent or authorization and was done for defendant's sole benefit.

79. That such misrepresentation by defendant was negligent.

80. It is unknown at this time how much traffic was steered to defendant's website by virtue of this misrepresentation and to plaintiff's detriment.

81. That such misrepresentation and use of Mr. Grecco's name constitutes unfair competition and is a violation of Section 43a of the Lanham Act. Such use is likely to cause confusion, and is a calculated effort by defendant to association itself with, or trade off the good will of, Plaintiff in connection with its business

82. As a result of Defendant's acts, Plaintiffs have been and will continue to be damaged in an amount ultimately to be determined by this honorable court.

**COUNT 5**

83. Plaintiffs repeat, reassert and reallege each of the allegations contained in paragraphs 1 through 80 as if fully set forth herein.

84. That plaintiffs are entitled to an injunction permanently prohibiting:

a. all future uses, sales, transfers, assignments, or licensing by the defendant, including but not limited to wholly owned subsidiaries of the subject images and of any image created by plaintiffs;

b. Defendant from representing, stating, implying, holding out or otherwise leading third parties to believe that Defendant is in any form or manner associated with plaintiffs or their work and/or that it serves(ed) as plaintiffs' agency, agent, representative, archives or in any manner.

## JURY DEMAND

85. Plaintiffs request a trial by jury of all issues.

**WHEREFORE**, plaintiffs demands judgment as against the Defendant as follows:

ON THE FIRST COUNT- an award of the maximum statutory damages in an amount of not less than $150,000 per each separate and distinct infringement, a total sum ultimately to be determined by the court, or for such other amount as may be proper pursuant to 17 U.S.C. §504, and for an order enjoining defendant from infringing any and all of plaintiffs' copyrighted images, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505

ON THE SECOND COUNT- an award of the maximum statutory damages in an amount of not less than $150,000 per each separate and distinct infringement, a total sum ultimately to be determined by the court, or for such other amount as may be proper pursuant to 17 U.S.C. §504, and for an order enjoining Defendant from infringing any and all of plaintiffs' copyrighted image, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17