# COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
### ATTORNEYS AT LAW

FREDERICK P. BIMBLER
TOBY M. J. BUTTERFIELD
AL J. DANIEL, JR.†
TIMOTHY J. DEBAETS
ROBERT I. FREEDMAN
ELLIS B. LEVINE
MITCHELL E. RADIN
ROBERT L. SEIGEL
J. STEPHEN SHEPPARD
RALPH J. SUTTON*
KENNETH N. SWEZEY
DAVID BRUCE WOLF
NANCY E. WOLFF
_____
ZEHRA J. ABDI
LISA K. DIGERNES
MATTHEW A. KAPLAN◻
M. KILBURG REEDY
MASON A. WEISZ

PHILIP M. COWAN (1943-2001)
HOWARD ABRAHAMS (1945-1996)

OF COUNSEL:
ANNE C. BAKER
JUDITH A. BRESLER
JERROLD B. GOLD
ALBERT GOTTESMAN
ROGER E. KASS
MICHAEL D. REMER
ROBERT F. VAN LIEROP

CORRESPONDENT FIRM:
DONALDSON & HART
9220 SUNSET BLVD. STE. 224
LOS ANGELES, CA 90069
(310) 273-8394

*ALSO ADMITTED IN CA & DC
◻ALSO ADMITTED IN NJ
†ALSO ADMITTED IN AR & DC

October 23, 2007

Edward Greenberg, Esq.
Edward C. Greenberg, P.C.
100 Park Avenue, 33rd Floor
New York, New York 10017

Re: **Michael Grecco Photography, Inc. v. Everett Collection, Inc.**
07 Civ. 8171 (CM)

Dear Mr. Greenberg:

As you know we represent defendant the Everett Collection, Inc. ("Everett") in the above referenced case. I have now reviewed your client's complaint with my partner Nancy Wolff and examined the correspondence which preceded your filing of the complaint.

Following your July 15, 2006 demand letter, a copy of which is Exhibit A to your current complaint, my partner Nancy Wolff responded, pointing out that the photographs which you claimed were used without your client's permission were publicity shots for well-known television programs, and bore copyright notices in the names of various Hollywood studios, not your client. She therefore requested: (1) deposit copies of your client's copyright registrations, in order to confirm whether your client is truly the registered owner of the photographs you claim he owns; and (2) copies of whatever contracts exist concerning the studio's exploitation of those publicity shots, which our client obtained and archived in its library. She confirmed that if you simply provided such confirmation of your client's claim, our willing to remove the photographs from its archive, and to pay to your client three times the total revenue our client derived from the use of which you complained, namely $900.

I trust that, consistent with your Rule 11 obligations, you communicated that offer to your client: please confirm that. In response, however, you did not provide the information sought, allowed our client's offer to expire, and a year later commenced this action. As a courtesy, Everett had already removed the images that you identified, pending receipt of the information last summer, so they have not been displayed since August 2006.

41 MADISON AVENUE - 34TH FLOOR, NEW YORK, NEW YORK 10010
TEL: (212) 974-7474   FAX: (212) 974-8474   WEB: www.cdas.com   E-MAIL: cdas@cdas.com

{A060726.DOC\1}

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

Edward Greenberg, Esq.
October 23, 2007
Page 2

       To avoid the cost of litigation, our client is still willing to make a reasonable settlement offer, but only if you provide us with the materials demanded in Nancy's prior letter by October 31, 2007. Those materials not only go to your client's standing and legal right to bring this lawsuit, but also directly to the issue of whether there is any liability, and if so, the amount of potential damages. If you cannot provide this information, we will have to presume you have no such support for your client's claim, in which case we query whether the federal court has jurisdiction to hear it, and will act accordingly.

       We look forward to hearing from you.

Very truly yours,

Toby Butterfield

TMJB/dm

cc:    Nancy E. Wolff, Esq.

{A060726.DOC\1}