UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL GRECCO PHOTOGRAPHY, INC.,

                Plaintiff,

v.

EVERETT COLLECTION, INC.,

                Defendant.

Docket No. Case No. 07 Civ. 8171

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
OR IN THE ALTERNATIVE TO EXTEND THE DISCOVERY PERIOD**

July 3, 2008

Nancy Wolff, Esq.
Toby Butterfield, Esq.
Zehra Abdi, Esq.
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue, 34th floor
New York, NY 10010
Tel.: (212) 974 7474

Attorneys for Defendant

{A062373.DOC\4}

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .................................................................................................................. 1

THE NATURE OF THIS CASE ............................................................................................ 1

PROCEDURAL HISTORY .................................................................................................... 2

ARGUMENT .......................................................................................................................... 5
   I.   NO ORDER COMPELLING THE DEPOSITION IS JUSTIFIED ............................. 5
   II.  NO EXTENSION OF DISCOVERY IS WARRANTED ............................................ 6

CONCLUSION ....................................................................................................................... 8

{A062373.DOC\4}

# TABLE OF AUTHORITIES

FEDERAL CASES

Barrett v. Atlantic Richfield Co.,
   95 F.3d 375 (5th Cir.1996) ............................................................................ 6

Gray v. Town of Darien,
   927 F.2d 69 (2d Cir.1991) .............................................................................. 7

Kassner v. 2nd Avenue Delicatessen Inc.,
   496 F.3d 229 (2d Cir.2007) ............................................................................ 7

NAS Electronics, Inc. v. Transtech Electronics PTE Ltd.,
   262 F. Supp. 2d 134 (S.D.N.Y. 2003) ............................................................ 8

Scott v. City of New York Dept. of Correction,
   2007 WL 4178405 (S.D.N.Y. Nov.26, 2007) ................................................ 7

RULES

Fed.R.Civ.P. 16(b) ................................................................................................ 6

Fed.R.Civ.P. 37(a)(2)(A) ...................................................................................... 8

{A062373.DOC\4}

## INTRODUCTION

Defendant Everett Collection, Inc. submits this memorandum of law in opposition to plaintiff's untimely and procedurally defective motion to compel a deposition and/or to extend the discovery period. Plaintiff's motion should be denied because Plaintiff failed to make use of the discovery period, thus waiving the discovery it now seeks to compel, and because plaintiff had failed to articulate any reason why the discovery period should be extended.

Reopening discovery or conducting additional depositions now, after plaintiff did not use its opportunity to obtain those depositions, would severely prejudice defendant, as it has now moved for summary judgment. Defendant made such motion as late as possible under the Court's prior scheduling order, on the grounds that plaintiff has not obtained copyright registrations for many Images; previously conveyed exclusive rights in the rest of the television studios in question; and because the $300 in issue does not justify federal litigation.

Defendant has indicated from the outset of this case that it would move for summary judgment, and reminded the Court and the parties of that intention in its correspondence with the Court as recently as May 27. Defendant waited until July 1, 2008, the last possible day for doing so according to the Order, to allow plaintiff as long as possible to take the deposition it claimed it wanted to take. Plaintiff has not established the good cause and lack of prejudice necessary to justify the extended discovery it belatedly seeks.

## THE NATURE OF THIS CASE

Plaintiff claims it owns copyright in twenty two images (the "Images") of actors from various popular 1990's era television shows. Plaintiff alleges that Defendant

{A062373.DOC\4}

infringed plaintiff's exclusive rights in those copyrights by posting the Images on defendant's website and making them available to others. Complaint ¶ 52, 59.

As explained in Defendant's separately filed Motion for Summary Judgment on all Claims, Plaintiff has no copyright registrations for most of the Images, without which the Court has no jurisdiction to hear copyright infringement claims about them. Furthermore, plaintiff's own documents confirm that it conveyed the exclusive rights to the Images to the televisions studios that commissioned plaintiff to take them. Television studios commission publicity stills in order to distribute them to the media for publication as part of their publicity campaign – a plan which would be completely undermined if plaintiff, rather than the studios, owned exclusive rights in the Images and could prohibit their publication. Finally, Defendant's use is <u>de minimis</u>, as it only made two Images available to two little-known magazines for total fees of $300.

Nevertheless, on September 17, 2007, plaintiff filed this copyright infringement case, also claiming that use of the Images without crediting plaintiff's principal constitutes unfair competition in violation of Section 43(a) of the Lanham Act. Complaint, ¶72, 81. On November 9, 2007, Defendant timely answered the Complaint. <u>See</u> accompanying Declaration of Toby Butterfield dated July 3, 2008 in Opposition to Motion to Compel (the "Butterfield Dec."), ¶ 6.

## **PROCEDURAL HISTORY**

On November 16, 2007, all parties appeared at an initial conference. <u>Id.</u>, ¶7. The Court subsequently issued an Order adopting a discovery plan agreed by the parties pursuant to which all discovery was to be completed by May 16, 2008. <u>Id.</u>, Ex. A.

On February 22, 2008, the parties participated in a mediation in an unsuccessful attempt to resolve the matter. On February 25, 2008, plaintiff attempted to serve its first request for production of documents and notice to take deposition of Ron Harvey, Everett Collection, Inc.'s principal ("Harvey") by filing it with the Court's ECF system. Id., ¶ 8.

By telephone and e-mail on March 28, 2008 and April 11, 2008, Defendant discussed with plaintiff's counsel the timing for the responses thereto. After proper service of the discovery requests, Defendant sought and obtained plaintiff's consent to three brief extensions of time to respond: first an extension until April 8 or 9, then an extension of a further week until April 14, then an oral extension until April 21. Copies of those e-mails, which plaintiff omitted from the materials submitted in support of this motion, are annexed as Exhibit B to the Butterfield Dec.

On April 21, 2008, Defendant served written responses and objections to plaintiff's demands, produced documents, and indicated dates when Ron Harvey, Everett's principal would be available for deposition. Defendant also served its First Request For Production of Documents. Butterfield Dec., ¶ 10, Ex. C. Plaintiff received the materials, as evidenced by the exchange of e-mails about obtaining clearer copies of one document. Id., Ex. D.

Strangely, plaintiff did not respond to Defendant's First Request for Production of documents at all. Instead, on May 20, 2008, after the May 16, 2008 deadline for all discovery to be completed had passed, plaintiff's counsel wrote to Magistrate Judge Francis alleging for the first time that plaintiff believed there must be additional documents

3

which Defendant should be compelled to produce, and seeking to confirm the Harvey deposition. Id. ¶ 12.

Defendant consistently committed to provide Harvey for deposition, both during discovery and immediately thereafter. On May 27, 2008, Defendant responded to Plaintiff's letter to Magistrate Judge Francis pointing out that Defendant was still prepared to provide the requested deposition, and suggesting four specific dates. Defendant also pointed out that plaintiff had failed to provide any response to Defendant's document requests, failed to conduct discovery, or to seek an extension of the discovery period before it ended on May 16, 2008. A copy of Defendant's letter, which plaintiff also omitted from the materials it submitted in support of this motion, is annexed as Exhibit E to the Butterfield Dec.

On May 29, 2008, Magistrate Judge Francis issued a ruling refusing to compel any additional discovery responses unless Plaintiff requested and obtained an extension of discovery from Judge McMahon. Id., Ex. F.

For the next month, plaintiff did nothing, and did not take up Defendant's renewed offer for Harvey to be deposed. Id. ¶ 15. Nor did plaintiff's counsel do anything to prepare the Pre-Trial Order, which according to the Order had to be filed with the Court on July 1, 2008. On June 26, 2008 Defendant wrote to Plaintiff's counsel reminding him of his obligation to prepare a pre-trial order and to consult with Defendant's counsel in order to do so. Id., ¶ 16, Ex. G.

Plaintiff's counsel did not respond at all, and instead, made the instant motion seeking an order compelling the Harvey deposition, despite the fact that discovery ended approximately six weeks earlier, the Pretrial Order was due two business days later, and Defendant was about to move for summary judgment. Id., ¶ 17. Plaintiff's belated motion to

4

compel a deposition which it failed to take, either during discovery or when offered dates after discovery ended, should be denied.

In the alternative, plaintiff seeks a 60-day extension of the discovery period. Defendant objects to this extension, which would significantly prejudice defendant, which has now filed its motion for summary judgment in accordance with the July 1, 2008 deadline set by the Court in its Order. Plaintiff cannot show any external reason justifying the requested extension, as required by the Order. No extension is justified.

Finally, should the Court grant the motion to compel the Harvey deposition, the Court should also compel plaintiff to provide documents in response to Defendant's document requests, or order that plaintiff is precluded from relying on any documents not so produced.

## ARGUMENT
### I.
### NO ORDER COMPELLING THE DEPOSITION IS JUSTIFIED

Plaintiff's counsel waited nearly two months without making any request to the Court to compel the Harvey deposition. Nor was such a motion justified, when Defendant's counsel had repeatedly offered deposition dates. Butterfield Dec., ¶¶ 10, 13, Exs. C, E. Even when plaintiff moved to compel discovery, Defendant's counsel reiterated its offer to provide the requested deposition. Id., Ex. E. Instead of taking up that offer, plaintiff did nothing.

Plaintiff had 9 months since filing this action, during which the parties exchanged many discovery materials. Plaintiff obtained documents from Defendant in April, yet did not take any depositions, seek to extend the discovery period, or seek discovery from third parties for over 2 more months. By the clear and unambiguous language of the

scheduling order, discovery closed on May 16. Defendant subsequently timely moved for summary judgment, as it stated on May 27, 2008 it would do.

It was not until Friday, June 27, 2008, that Plaintiff's counsel sought to compel the deposition by moving this Court and requesting an extension of the discovery period, as suggested by Magistrate Judge Francis a full month earlier, on May 29, 2008. Plaintiff's counsel did not even contact Defendant's counsel to request consent to the adjournment request – a clear violation of the Court's detailed Individual Rules regarding adjournments. In violation of the Court's Order, plaintiff's application identifies no external reason for an extension of discovery. Plaintiff's counsel even chose to simply ignore the Court's Order to prepare and file a pretrial order, simply assuming that an extension would be granted. As the Order explicitly provides: "Counsel should not assume that extensions will be granted as a matter of routine." The Harvey deposition has therefore been waived.

## II.
## NO EXTENSION OF DISCOVERY IS WARRANTED

In the alternative, plaintiff seeks a 60-day extension of the discovery period which ended on May 16, 2008 according to the Order.

Scheduling Orders are modified upon a showing of good cause. Fed.R.Civ.P. 16(b); see 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1522.1, at 230-31(Civil 2d ed.1990). "In the absence of some showing of why an extension is warranted, the scheduling order shall control." Id. at 231. A Court has broad discretion in preserving the integrity of its Scheduling Orders. Barrett v. Atlantic Richfield Co., 95 F.3d 375, 380 (5th Cir.1996), including the discretion to extend its deadlines when good cause is shown. The Second Circuit has emphasized that "the primary consideration" in determining whether good cause has been shown "is whether the moving party can

demonstrate diligence." <u>Kassner v. 2nd Avenue Delicatessen Inc.</u>, 496 F.3d 229, 244 (2d Cir.2007) see also <u>Gray v. Town of Darien</u>, 927 F.2d 69, 74 (2d Cir.1991); <u>Scott v. City of New York Dept. of Correction</u>, 2007 WL 4178405, at *8 (S.D.N.Y. Nov.26, 2007).

Plaintiff's actions have been far from diligent. Plaintiff complains it made "repeated attempts" to have plaintiff make their client available for a deposition since March 28, 2008 and supports this contention with a few e-mails to defendant's counsel, which were responded to but which plaintiff did not annex to its motion. <u>See</u> Butterfield Dec., ¶ 9, Exs. B, E. Defendant's May 27, 2008 letter to the Magistrate Judge offered more dates, but plaintiff did not avail itself of those offers. Plaintiff did not even raise the matter with any court until May 20, four days <u>after</u> the close of discovery. During the entire discovery period, Plaintiff never filed a motion to compel nor did it seek an extension of the discovery deadline. For the same reasons that the deposition has been waived, plaintiff cannot demonstrate diligence.

The Second Circuit has held that while the showing of diligence is the "primary consideration" in determining good cause, courts may also consider other relevant factors such as the prejudice to the defendants. <u>See</u> <u>Kassner</u>, 496 F. 3d at 244. This district has followed that logic in considering such motion and has pointed out that "to the extent any denial of leave.... to extend discovery results in demonstrable prejudice to plaintiff, she has a potential remedy in a malpractice suit against her former attorney. The defendants, however, have no such remedy." <u>See</u> <u>Scott v. City of New York Dept. of Correction</u> WL 4178405 SDNY (November 26, 2007).

Here, defendant has expended significant sums in defending this case, has responded to discovery requests, and has now prepared and filed a summary judgment

7

{A062373.DOC\4}

motion on all claims. To reopen discovery after such a motion was prepared and filed would constitute severe prejudice to Defendant. Plaintiff offers no reason why defendant should bear such a burden.[1] Further, the District Court has held in similar cases that reopening of discovery was not warranted on plaintiffs' motion, because plaintiffs never requested extension of discovery deadline in scheduling order, and plaintiffs failed to show why discovery sought was necessary to oppose summary judgment motion or why discovery had not been diligently pursued prior to the defendant's filing of the summary judgment motion. NAS Electronics, Inc. v. Transtech Electronics PTE Ltd., 262 F. Supp. 2d 134 (S.D.N.Y. 2003).

In the event that the Court grants an extension of discovery, the Court should also order Plaintiff to respond and produce documents responsive to Defendant's First Request for Production of Documents, Exhibit C hereto. As Defendant's counsel never responded to those document requests at all, and did not seek or obtain any extension to its deadline for doing so, Plaintiff has technically waived all objections to Defendant's document requests. As a result, the Court can and should issue an order directing Plaintiff to produce the various documents requested, or be precluded from offering them as evidence or otherwise relying on them herein.

---

[1]   Plaintiff's motion is also defective because it fails to include a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed.R.Civ.P. 37(a)(2)(A), and because it fails to comply with the Court's Individual Rules. Plaintiff belated and procedurally defective motion should be denied.

8

{A062373.DOC\4}

## CONCLUSION

The Court should deny plaintiff's untimely request for a deposition which plaintiff has long since waived by its inaction. The Court should deny plaintiff's untimely request to extend the time for it to conduct discovery in this ill-founded case. In the event that the Court grants plaintiff's motion and permits additional discovery, the Court should also compel plaintiff to respond to Defendant's First Request for Production of Documents.

Dated:   New York, New York
         July 3, 2008

                                        COWAN DEBAETS ABRAHAMS
                                            & SHEPPARD LLP


                                        By: _____/s/_____
                                        Toby M.J. Butterfield
                                        Nancy E. Wolff
                                        41 Madison Avenue - 34th Floor
                                        New York, New York 10010
                                        Tel. (212) 974-7474
                                        Fax (212) 974-8474

                                        *Attorneys for Defendant Everett
                                        Collection, Inc.*