UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL GRECCO PHOTOGRAPHY, INC.

Plaintiff,

v.

EVERETT COLLECTION, INC.

Defendant.

Civil Action No. 07-CV-8171 (CM)

**DECLARATION OF TOBY BUTTERFIELD IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

I, TOBY BUTTERFIELD, declare and say:

1. I am a member of Cowan, DeBaets, Abrahams and Sheppard LLP, counsel for defendant ("Defendant") in the above-referenced case. I make this declaration of my own knowledge, except where otherwise indicated.

2. I submit this declaration in Opposition to Plaintiff's Motion to Compel Discovery on in the Alternative to Extend the Discovery Period.

3. Plaintiff's untimely motion should be denied because Plaintiff failed to make use of the discovery period to obtain the discovery it now seeks, thus waiving the discovery it now seeks to compel, and because plaintiff had failed to articulate any reason why the discovery period should be extended.

4. Reopening discovery or conducting additional depositions now, after plaintiff did not use its opportunity to take those depositions, would severely prejudice defendant, as it has now moved for summary judgment. Defendant made such motion as late as possible under the Court's prior scheduling order, on the grounds that plaintiff has not obtained copyright registrations for many Images; previously conveyed exclusive rights in the rest of the television studios in question; and because the $300 in issue does not justify federal litigation.

5. Defendant has indicated from the outset of this case that it would move for summary judgment, and reminded the Court and the parties of that intention in its correspondence with the Court as recently as late April. Defendant waited until July 1, 2008, the last possible day for doing so according to the Order, to allow plaintiff as long as possible to take the deposition it claimed it wanted to take.

**Procedural History**

6. Plaintiff filed this case on September 17, 2007, claiming it owns copyrights in twenty-two images (the "Images") of actors from popular 1990's era television shows "The X Files," "Xena Warrior Princess," "Frankenstein," "Married with Children" and "Beverly Hills 90210," and that Defendant infringed Plaintiff's exclusive rights to its copyrights and violated Lanham Act § 43(a) by posting the Images on defendant's website and by making the Images available to two magazines for $300. Complaint, ¶¶ 52, 59. Defendant timely answered the Complaint on November 9, 2007.

7. On November 16, 2007, all parties appeared at an initial conference. The Court subsequently issued an Order adopting a discovery plan agreed by the parties pursuant to which all discovery was to be completed by May 16, 2008. A copy of the Order is annexed as Exhibit A.

8. On February 22, 2008, the parties participated in a mediation in an unsuccessful attempt to resolve the matter. On February 25, 2008, Plaintiff attempted to serve its first request for production of documents and notice to take deposition of Ron Harvey by filing it with the Court's ECF system.

9. By telephone and e-mail on March 28, 2008 and April 11, 2008, Defendant discussed with plaintiff's counsel the timing for the responses thereto. After proper

service of the discovery requests, Defendant sought and obtained plaintiff's consent to three brief extensions of time to respond:  first an extension until April 8 or 9, then an extension of a further week until April 14, then an oral extension until April 21.  Copies of those e-mails, which plaintiff omitted from the materials submitted in support of this motion, are annexed as Exhibit B.

10.     On April 21, 2008, Defendant served written responses and objections to plaintiff's demands, produced documents, and indicated dates when Ron Harvey, Everett's principal would be available for deposition.  Defendant also served its First Request For Production of Documents.  The cover letter and Defendant's First Request For Documents are annexed as Exhibit C.

11.     Plaintiff received the materials, as evidenced by the exchange of e-mails about obtaining clearer copies of one document.  Copies of those emails annexed as Exhibit D.

12.     Strangely, plaintiff did not respond to Defendant's First Request for Production of documents at all.  Instead, on May 20, 2008, after the May 16, 2008 deadline for all discovery to be completed had passed, plaintiff's counsel wrote to Magistrate Judge Francis alleging for the first time that Plaintiff believed there must be additional documents which Defendant should be compelled to produce, and seeking to confirm the deposition of Ron Harvey, defendant's principal.

13.     Defendant consistently committed to provide Mr. Ron Harvey, both during discovery and immediately thereafter.  On May 27, 2008, Defendant responded to Plaintiff's letter to Magistrate Judge Francis pointing out that Defendant was still prepared to provide the requested opposition, and suggesting specific dates.  Defendant also pointed out that plaintiff had failed to provide any response to Defendant's document request, failed to conduct

discovery, or to seek an extension of the discovery period before it ended on May 16, 2008. A copy of Defendant's letter is annexed as Exhibit E.

14.    On May 29, 2008, Magistrate Judge Francis issued a ruling refusing to compel any additional discovery responses unless Plaintiff requested and obtained an extension of discovery from Judge McMahon. A copy of this ruling is annexed as Exhibit F.

15.    For the next month, plaintiff did nothing, and did not take up Defendant's renewed offer for Mr. Harvey to be deposed.

16.    Nor did plaintiff's counsel do anything to prepare the Pre Trial Order, which according to the Order had to be filed with the Court on July 1, 2008. On June 26, 2008 Defendant wrote to Plaintiff's counsel reminding him of his obligation to prepare a pre-trial order and to consult with Defendant's counsel in order to do so. A copy of that letter is annexed as Exhibit G.

17.    Plaintiff's counsel did not respond at all, and instead, made the instant motion seeking an order compelling Mr. Harvey's deposition, despite the fact that discovery ended approximately six weeks earlier, the Pretrial Order was due two business days later, and Defendant was about to move for summary judgment. Plaintiff's belated motion to compel a deposition which it failed to take, either during discovery or when offered dates after discovery ended, should be denied.

18.    In the alternative, plaintiff seeks a 60-day extension of the discovery period. Plaintiff objects to this extension, which would prejudice Defendant as it has now filed its motion for summary judgment in accordance with the July 1, 2008 deadline set by the Court in its Order. Plaintiff cannot show any external reason justifying the requested extension, as required by the Order. No extension is justified.

19. Finally, should the Court grant the motion to compel the deposition of plaintiff's principal Mr. Ron Harvey, the Court should also compel plaintiff to provide documents in response to Defendant's document requests, or order that plaintiff is precluded from relying on any documents not so produced.

Dated: New York, New York
July 3, 2008

TOBY BUTTERFIELD

# EXHIBIT A

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 11/15/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

Michael Grecco Photography, Inc.,

Plaintiff(s),

07 Civ. 8171 (CM) (JFC)

-against-

Everett Collection, Inc.,

Defendant(s).

---------------------------------------------------------------- x

CIVIL CASE MANAGEMENT PLAN
(for all cases except patent, IDEA and ERISA benefits cases, and cases subject to the Private Securities Litigation Reform Act)

1. This case is/is not to be tried to a jury.

2. Discovery pursuant to Fed.R.Civ.P. 26(a) shall be exchanged by Dec 1 2007

3. No additional parties may be joined after Feb 1, 2007.

4. No pleading may be amended after Feb 1, 2007.

5. If your case is brought pursuant to 42 U.S.C. § 1983: In keeping with the United States Supreme Court's observation that the issue of qualified immunity should be decided before discovery is conducted, counsel representing any defendant who intends to claim qualified immunity must comply with the special procedure set forth in Judge McMahon's individual rules, which can be found at www.nysd.uscourts.gov.

Failure to proceed in accordance with the qualified immunity rules constitutes a waiver of the right to move for judgment on the ground of qualified immunity prior to trial. *Please identify any party who is moving to dismiss on qualified immunity grounds.*

6. All discovery, *including expert discovery*, must be completed on or before May 16 2008. (For personal injury, civil rights, employment discrimination or medical malpractice cases only): Plaintiff's deposition shall be taken first, and shall be completed by ~~Dec 15~~ January 31 2008. PLEASE NOTE: the phrase "all discovery,

including expert discovery" means that the parties must select and disclose their experts' identities and opinions, as required by Fed. R. Civ. P. 26(a)(2)(B), *well before* the expiration of the discovery period. Expert disclosures conforming with Rule 26 must be made no later than the following dates: Plaintiff(s) expert report(s) by April 1 2008; Defendant(s) expert report(s) by May 1, 2008.

7. Judge McMahon's Rules governing electronic discovery apply automatically to this case. The parties must comply with those rules unless they supercede it with a consent order. The text of the order will be found at www.nysd.uscourts.gov.

8 This case has been designated to the Hon. United States Magistrate Francis for resolution of discovery disputes. Do not contact Judge McMahon about discovery disputes; go directly to your assigned Magistrate Judge. Discovery disputes do not result in any extension of the discovery deadline or trial-ready date, and Judge McMahon must approve any extension of the discovery deadline in non-pro se cases. *The Magistrate Judge cannot change discovery deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes.* Judge McMahon does not routinely grant extensions so counsel are warned that it they wait until the last minute to bring discovery disputes to the attention of the Magistrate Judge, they may find themselves precluded from taking discovery because they have run out of time.

9. A joint pre-trial order in the form prescribed in Judge McMahon's individual rules, together with all other pre-trial submissions required by those rules (not including *in limine* motions), shall be submitted on or before July 1, 2008 Following submission of the joint pre-trial order, counsel will be notified of the date of the final pre-trial conference. *In limine* motions must be filed within five days of receiving notice of the final pre-trial conference; responses to in limine motions are due five days after the motions are made. Cases may be called for trial at any time following the final pre-trial conference.

10. No motion for summary judgment may be served after the date the pre-trial order is due. *The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pre-trial order and other pre-trial submissions on the assigned date.*

11. The parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. Section 636(c).

12. This scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time this order is entered. *Counsel should not assume that extensions will be granted as a matter of routine*

Dated:
New York, New York

Upon consent of the parties:
[signatures of all counsel]

Cowan DeBaets Abrahams & Sheppard LLP

EDWARD C. GREENBERG, P.C.
570 Lexington Ave 17th Fl
NYC NY 10022
(212) 697-8777

SO ORDERED:

Hon. Colleen McMahon
United States District Judge

11-16-07

12. This scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time this order is entered. *Counsel should not assume that extensions will be granted as a matter of routine.*

Dated:
New York, New York

Upon consent of the parties:
[signatures of all counsel]

SO ORDERED:

Hon. Colleen McMahon
United States District Judge

# EXHIBIT B

**Toby Butterfield**

**From:** Toby Butterfield [tbutterfield@cdas.com]
**Sent:** Friday, March 28, 2008 12:21 PM
**To:** ecglaw@aol.com
**Cc:** 'Toby Butterfield'
**Subject:** RE: Everett

Yes, I did consult with him. I think that later that week is probably ok, but I need to confirm that. I'll put in a call now and get back to you this afternoon.

But I think we have an issue concerning the timing of our responses to your discovery requests, which I'm sure you want to have in hand prior to the deposition.

From your prior email, which sent us those requests for the first time, we realized that you must be taking the position that you had already served those requests via a filing of the discovery requests in the Court's ECF system. The problem with that is that Local Rules prohibit the filing of discovery requests. We will respond to the requests, forwarded them to our client, and are indeed in the process of preparing responses to them. But if you take the position that the ECF filing constitutes service, and that our responses are due this coming Monday March 31, we take issue with that.

We aren't interested in going round and round about discovery disputes, so whether you agree with our position or simply consider it a request for an extension of time for our responses makes no difference. So can we agree with you when our responses will be due? I propose Tuesday April 8. That will give you time to see the responses before the dep. We'd also like you to call the SDNY clerk's office and ask them to take the discovery requests off the docket in accordance with the Court's rules. Is that OK?

Toby

---

**From:** ecglaw@aol.com [mailto:ecglaw@aol.com]
**Sent:** Friday, March 28, 2008 11:38 AM
**To:** tbutterfield@cdas.com
**Cc:** nwolff@cdas.com
**Subject:** Everett

Mr. Butterfield,

Have you discussed with your client when it might be possible to take his deposition yet. We are trying to set our schedule. Mr. Greenberg is free for most of the second week in April, barring Monday in the morning.

Please email me or call me at your earliest convenience.

-Richard O'Brien
Law Clerk for Edward Greenberg
(212)697-8777

---

Planning your summer road trip? Check out AOL Travel Guides.

**Toby Butterfield**

**From:** Ecglaw@aol.com
**Sent:** Tuesday, April 08, 2008 4:33 PM
**To:** tbutterfield@cdas.com
**Cc:** michael@michaelgrecco.com; nwolff@cdas.com
**Subject:** Grecco v. Everett

In keeping with your representations, we expect to receive your documentary responses tomorrow. We renew our request that you provide us with some possible deposition dates in order that we may move this matter forward.

Edward C. Greenberg

---

Planning your summer road trip? Check out AOL Travel Guides.

**Toby Butterfield**

**From:** Deborah Mays [dmays@cdas.com] on behalf of tbutterfield@cdas.com
**Sent:** Friday, April 11, 2008 3:40 PM
**To:** ecglaw@aol.com
**Cc:** 'Nancy Wolff'
**Subject:** Michael Grecco Photography, Inc. v. Everett Collection, Inc.

Dear Mr. O'Brien:

This will confirm our conversation by phone this afternoon. Thanks for your patience in waiting for our responses to your document requests. As I explained, we have been working on those and expect to have responses for you early next week. We are also meeting with our client, and will be in contact with you after that with proposed deposition dates. Have a good weekend.

# EXHIBIT C

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
ATTORNEYS AT LAW

FREDERICK P. BIMBLER
TOBY M. J. BUTTERFIELD
AL J. DANIEL, JR.+
TIMOTHY J. DEBAETS
ROBERT I. FREEDMAN
ELLIS B. LEVINE
MITCHELL E. RADIN
ROBERT L. SEIGEL
J. STEPHEN SHEPPARD
RALPH J. SUTTON*
KENNETH N. SWEZEY
DAVID BRUCE WOLF
NANCY E. WOLFF

ZEHRA J. ABDI
LISA K. DIGERNES
MATTHEW A. KAPLAN^c
M. KILBURG REEDY
MASON A. WEISZ

PHILIP M. COWAN (1943-2001)
HOWARD ABRAHAMS (1945-1996)

OF COUNSEL:
ANNE C. BAKER
JUDITH A. BRESLER
JERROLD B. GOLD
ALBERT GOTTESMAN
ROGER E. KASS
MICHAEL D. REMER
ROBERT F. VAN LIEROP

CORRESPONDENT FIRM:
DONALDSON & HART
9220 SUNSET BLVD. STE. 224
LOS ANGELES, CA 90069
(310) 273-8394

*ALSO ADMITTED IN CA & DC
^c ALSO ADMITTED IN NJ
+ALSO ADMITTED IN AR & DC

April 21, 2008

**BY HAND**
Richard O'Brien, Esq.
Law Offices of Edward Greenberg P.C.
570 Lexington Avenue, 17th Floor
New York, NY 10022

Re: Michael Grecco Photography, Inc. v. Everett Collection, Inc.
Case No. 07-cv-08171 (CM) (JCF)

Dear Mr. O'Brien:

As discussed by telephone today, we enclose our client's responses to your client's document requests, and responsive documents bearing Bates Numbers D0001 – D0087. Thank you for agreeing to hold these in confidence while we negotiate an appropriate protective order. We will work on a draft, which we expect to get to you in the next day or so.

We consulted with our client about deposition days, and Mr. Harvey can be available in mid-May, after which he would need to appear in mid-June, given his travel schedule.

We also enclose discovery requests on behalf of our client. We look forward to hearing from you.

Very truly yours,

Toby Butterfield

TMJB/dm
Encs.
cc: Nancy E. Wolff, Esq.
Zehra J. Abdi, Esq.

41 MADISON AVENUE - 34TH FLOOR, NEW YORK, NEW YORK 10010
TEL: (212) 974-7474 FAX: (212) 974-8474 WEB: www.cdas.com E-MAIL: cdas@cdas.com

{A059002.DOC/1}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL GRECCO PHOTOGRAPHY, INC., Plaintiff, v. EVERETT COLLECTION, INC., Defendant. | Case No. 07 Civ. 8171 |

**DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Everett Collection, Inc. ("Everett") hereby requests that plaintiff Michael Grecco Photography, Inc. ("Grecco") produce documents for inspection and copying in accordance with the definitions and instructions set forth below. Plaintiff should serve any response upon Defendant's counsel Nancy Wolff and Toby Butterfield of the law firm Cowan, DeBaets, Abrahams & Sheppard, LLP, 41 Madison Avenue, 34th Floor, New York, New York 10010, within thirty (30) days of service of these requests.

**DEFINITIONS AND INSTRUCTIONS**

These definitions and instructions supplement any applicable definitions and instructions contained in the Federal Rules of Civil Procedure. For the purposes of these requests for production ("requests"), the definitions and instructions are as follows:

1. "Defendant" means The Everett Collection, Inc.

2. The terms "You", "Your", and "Plaintiff" refer collectively to Michael Grecco Photography, Inc., its officers, directors, employees, representatives, independent contractors, agents, lawyers, partners, corporate parents, subsidiaries, affiliates, and predecessors in interest,

including Michael Grecco, and to any additional business names or entities any of them have used within the last three years.

3.     The "Subject Images" means the images which Plaintiff claims herein were infringed by Defendant.

4.     The terms "Person" and "Persons" are defined as any natural person or any business, legal or governmental entity or association.

5.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

6.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

7.     The time period in question in these requests shall be the limitations period for any claim contained in Plaintiff's complaint.

8.     "Relating to" is used in its broadest sense, and means anything that, directly or indirectly, generally or specifically, regards, relates to, refers to, concerns, contains, constitutes, contradicts, evidences, embodies, comprises, reflects, mentions, identifies, states, deals with, comments on, responds to, describes, analyses, or is in any way, directly or indirectly, relevant to the subject.

9.     The phrase "in Your possession, custody or control" refers to past or present possession, custody or control.

10.     If in responding to any request you claim any ambiguity in either the request or a definition or instruction applicable thereto, identify in your response the language you consider

ambiguous and include in your response the interpretation or assumptions upon which your response is made.

11.    If in responding to any request you claim any objection as to the basis for not responding, respond to all parts of such interrogatory to which your objection does not apply.

12.    This request is continuing in nature and must be amended and supplemented in accordance with the Federal Rules of Civil Procedure. If you become aware of or acquire in your possession, custody or control additional responsive documents or tangible things, you are requested promptly to produce such additional documents for inspection and copying.

13.    If any requested documents or tangible things have been destroyed, furnish a list identifying (i) each destroyed document or tangible thing, to the extent known; (ii) the type of document or tangible thing; (iii) the subject matter of the document or tangible thing, (iv) the date of making the document or tangible thing; (v) each author, addressee, and recipient of the document or tangible thing; (vi) the date upon which and by whom it was destroyed; and (vii) the reason it was destroyed.

14.    Any documents withheld on a claim of privilege must be preserved. If any documents are so withheld, you shall identify each such document by the following information.

      (i)    The name, address and title of each author;

      (ii)    The name, address and title of each addressee;

      (iii)    Each person to whom copies were sent or distributed, and any other person to whom such document or its contents were disclosed;

      (iv)    The date and subject matter of the document;

      (v)    The current location of the document;

      (vi)    A statement of the basis on which privilege is claimed; and.

      (vii)    The requests to which the document would respond.

15. This request requires the originals to be produced for inspection and copying. If only Xerox copies, carbon copies or other copies are in your possession, custody or control, produce such copies and describe the current location of the originals (e.g. name, address and telephone number of the person(s) who currently have possession, custody, or control over the originals). If the current location is unknown, describe the last known location of the originals.

16. It is requested that all documents that might impact on the subject matter of this lawsuit be preserved and that any ongoing process of document destruction involving such documents cease. If a responsive document is not in your possession, custody or control, but known by you to exist, you are requested to identify the document.

**DOCUMENT REQUESTS**

1. All documents concerning any agreements, solicitations, negotiations or conversations between Plaintiff and/or Michael Grecco and any third party involving licenses and licensing income for any of the Subject Images, and

2. Any document containing, constituting or concerning any transfer, license or assignment of copyright in the Subject Images.

3. Any document containing, constituting or concerning any authorization to disseminate or publish any of the Subject Images.

4. All contracts, in particular any fully executed contracts, between Plaintiff and any third parties concerning the photographic services to be performed regarding any of the Subject Images.

5. All contracts, in particular any fully executed contracts, between Plaintiff and one of more of the persons contained in the Subject Images; namely Gillian Anderson, David Duchovny, Renee O'Connor, Lucy Lawless, Luke Perry, Christina Applegate, Adam Goldberg, Parker Posey, Michael Madsen, Vincent Perez, Thomas Kretschmann, Ivana Millicevic, Richard

Burgi, Garrett Maggart, or Kevin Smith.

      6.    All documents evidencing the assignments of copyrights in each Subject Images by Michael Grecco to Plaintiff Michael Grecco Photography, Inc., which Plaintiff relied upon in its copyright applications.

      7.    All copyright registrations for Subject Images, including the identification of the subject image to a particular registration.

      8.    All correspondence with the Copyright Office concerning applications for copyright registration for Subject Images.

      9.    Copies of the Subject Images.

      10.    Documents sufficient to show where and how there was first publication of each Subject Image.

      11.    The continuation sheets or charts included on all applications for copyright registration of Subject Images.

      12.    All documents reflecting damages sustained by Plaintiff by reason of the alleged infringement of each Subject Image.

      13.    All calendar entries created by Plaintiff or by Michael Grecco denoting the anticipated termination of any license for each Subject Image.

      14.    Documents relating to all commissions or sales royalties earned by Plaintiff and/or Michael Grecco from use of the Subject Images for the past three years.

      15.    Documents relating to all income Plaintiff and/or Michael Grecco earned in assignment or license fees from movie and television images for the past three years.

      16.    Documents concerning correspondence concerning the Subject Images between Plaintiff and/or Michael Grecco and any of Fox Broadcasting Company, NCA Television Group, USA Networks, United Paramount Network or other predecessors-in-interest

or current owners of any rights in any of the Subject Images.

17. Documents concerning negotiation of agreements between Plaintiff and/or Michael Grecco and any of the aforementioned motion picture companies or their press or publicity agents concerning the scope of rights in any of the Subject Images to be retained by Michael Grecco and/or Plaintiff.

18. Documents concerning other lawsuits brought by Plaintiff and/or by Michael Grecco against third parties for the last ten years relating to his photographs including but not limited to any actions alleging copyright infringement of photographs and the details of any resolution thereof.

19. Documents concerning lectures given by Michael Grecco and/or other agents or representatives of Plaintiff concerning bringing lawsuits for copyright infringement of photographs.

20. Documents concerning all movie and television productions Plaintiff and/ or Michael Grecco has worked on and the date of these productions.

21. Documents relating to all commissions or royalties paid by a network or movie studio to Plaintiff and/or Michael Grecco for the re-use of his images by a network or movie studio that originally hired him to shoot the images.

22. Documents concerning access to Defendant's website by Plaintiff and/or those acting pursuant to his, its or their request, instruction or control, including the password used to access and search Defendant's website.

23. Documents concerning the identity of people who can gain access to Defendant's website.

24. Correspondence with Everett concerning who can obtain access to Defendant's website.

25.    Documents sufficient to show the identity of persons who have allegedly gained access to Defendant's website despite allegedly stating that they wished to obtain such access in order to view and use photographs for advertising use.

26.    Lists of all agent or third party distributor's websites on which Plaintiff and/or Michael Grecco's movie and television images currently appear or have appeared during the last five years, the number of images on each site , the duration of time the images appeared, copies and descriptions of all the images.

27.    Documents concerning Plaintiff or Michael Grecco's communications with any of his agents or third party distributors concerning the Subject Images.

28.    Any promotional pieces that Plaintiff and/or Michael Grecco or his agents or third party distributor's have sent out to the media in the last five years indicating that he or they were a source for the various movie and TV images he has shot.

29.    Documents concerning investigation by Plaintiff, Michael Grecco, Plaintiff's counsel and/or or anyone else concerning Plaintiff's claims in this action.

30.    Documents concerning the willingness of any other parties to join in, become a party to, assist or to provide documents to Plaintiff concerning this action.

31.    Documents concerning the terms on which any of the Subject Images could be reproduced, distributed or displayed.

32.    Documents concerning Plaintiff or Michael Grecco's alleged agreement with Getty Images concerning use of the Subject Images in any archive or other use by Getty Images or its agents.

33.    Documents concerning termination by Plaintiff or Michael Grecco of licenses for any of the Subject Images.

34.    Documents concerning termination by Plaintiff or Michael Grecco of

licenses, whether pursuant to 17 U.S.C. §203(a)(3) or otherwise.

35.    Documents concerning Chris Carter's use of the Subject Images in creating the television program and motion picture "The X-Files."

36.    Documents concerning exploitation of the Subject Image which portrays Luke Perry in Europe.

37.    Documents concerning any use by anyone of the Subject Image which portrays Luke Perry.

38.    Documents concerning communications with Movieline Magazine concerning access to Defendant's website.

39.    Documents concerning clients of Plaintiff's counsel who have allegedly gained access to Defendant's website.

40.    Documents concerning claims by Plaintiff of copyright infringement or trademark infringement.

41.    Cease and desist letters sent by or on behalf of Plaintiff concerning copyright or trademark infringement.

42.    Complaints or claims for arbitration filed, sent or transmitted by Plaintiff on his or its behalf concerning copyright or trademark infringement.

43.    Documents concerning damages obtained in litigation or arbitration by Plaintiff for claims of copyright or trademark infringement.

44.    Documents concerning settlements obtained by Plaintiff for claims of copyright or trademark infringement.

45.    Documents concerning rights granted by other third parties in any of the Subject Images.

46.    Documents concerning Plaintiff's belief that Defendant's use of the

Subject Images is not authorized.

47. Documents concerning Plaintiff's belief that the true owners of rights in the Subject Images have not acquiesced in Defendant's use thereof.

48. Documents concerning Plaintiff's allegation or belief that Defendant's use of the Subject Images is not the subject of any estoppels.

49. Documents concerning any alleged instance of actual confusion.

50. Documents concerning alleged likelihood of confusion.

51. Documents concerning any alleged secondary meaning which the name MICHAEL GRECCO has achieved.

52. Documents concerning communications between Plaintiff and any person consulted by Plaintiff concerning offering of expert testimony herein.

53. Documents concerning any expert reports or drafts thereof to be offered by plaintiff herein.

54. Documents concerning statements by persons to be called or relied upon by Plaintiff as witnesses herein.

Dated: New York, New York
April 21, 2008

COWAN, DeBAETS, ABRAHAMS & SHEPPARD LLP

By: ______________________
Toby Butterfield
Nancy E. Wolff
41 Madison Avenue, 34th Floor
New York, New York 10010
(212) 974-7474

To: Edward C. Greenberg, Esq.
570 Lexington Avenue
New York, NY 10022

{A061464.DOC\4}

# EXHIBIT D

**Toby Butterfield**

**From:** ecglaw@aol.com
**Sent:** Tuesday, April 22, 2008 1:54 PM
**To:** tbutterfield@cdas.com
**Subject:** Everett

Dear Mr. Butterfield,

We have reviewed the documents which we received this morning. As a preliminary matter Bates stamped pages D00028 and D00031 are copied in such a way as to make parts of them illegible. Please recopy these pages and send them to this offce by fax or electronic copy.

Richard O'Brein
Law Clerk for Edward Greenberg

---

Get the MapQuest Toolbar, Maps, Traffic, Directions & More!

**Toby Butterfield**

**From:** Zehra Abdi [zabdi@cdas.com]
**Sent:** Wednesday, April 23, 2008 11:21 AM
**To:** ecglaw@aol.com
**Cc:** tbutterfield@cdas.com; 'Nancy Wolff'
**Subject:** Grecco v Everett
**Attachments:** Everettpageshandwritten.pdf

Richard-

We have produced the best available copies of the pages bates numbered 00028 and 00031. I have handwritten in what may have been cut off and attached the pages to this e-mail. If you have any further questions, please call me.

Regards,
Zehra

Zehra Abdi
COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 34th Floor | New York, NY 10010
T: +1 212.974.7474 | F: +1 212.974.8474
zabdi@cdas.com | www.cdas.com

**** This e-mail and any files transmitted with it are confidential. Its contents are intended solely for the recipient(s) indicated and may also be privileged. If you are not the intended recipient, you are hereby notified that disclosing, copying, distributing or taking any action in reliance on the contents of this e-mail is strictly prohibited. If you have received this e-mail in error, please delete this e-mail from your system and notify Cowan, DeBaets, Abrahams & Sheppard LLP immediately by e-mail at cdas@cdas.com. ****

# EXHIBIT E



COWAN
DEBAETS
ABRAHAMS &
SHEPPARD LLP

41 MADISON AVENUE
NEW YORK, NY 10010
t: 212 974 7474
f: 212 974 8474
www.cdas.com

TOBY M. J. BUTTERFIELD
(212) 974-7474, EXT. 1905
tbutterfield@CDAS.COM

May 27, 2008

**VIA FEDERAL EXPRESS**

Honorable James C. Francis, U.S.M.J.
United States District Court
for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1960
New York, NY 10007

Re: **Grecco vs. The Everett Collection, Inc.**
**07 cv. 8171 (CM)(JCF)**

Dear Judge Francis:

We represent defendant The Everett Collection, Inc. ("Everett") in the above-referenced action. On Friday, May 23, 2008, we received by mail a copy of a May 20, 2008 letter to the Court from Edward Greenberg, counsel for plaintiff herein, complaining that we have not responded to his enclosed emails. As the Court can see from Judge McMahon's November 16, 2007 Scheduling Order herein (the "Order," copy enclosed), the Court ordered that "all discovery including expert discovery must be completed on or before May 16, 2008," well before Mr. Greenberg even wrote to Your Honor.

Notwithstanding the Order, plaintiff took virtually no action to advance its case since the unsuccessful mediation herein on February 22, 2008. Plaintiff merely served document requests, and on April 21, 2008, Everett served limited timely objections and written responses, produced documents, and indicated in the undersigned's cover letter, a copy of which is also enclosed, dates when Everett's principal Mr. Ron Harvey could be available for deposition. We know that Mr. Greenberg's office received those materials because shortly thereafter, one of his colleagues asked for a clearer copy of one of the documents produced.

Plaintiff did not serve any deposition notices, disclose any expert, provide any expert report, serve any subpoenas or even seek any extension of the Order's deadline for completing discovery. Nor did plaintiff provide any response to Everett's April 21, 2008 First Request for Production of Documents and First Interrogatories served along with the letter referenced above.

Possibly by his letter, Mr. Greenberg wishes to secure an extension of the time for discovery. We must remind the Court that in the Order, Judge McMahon provided that extensions should only be granting "on a showing of good cause that is not foreseeable at the time this order is entered. *Counsel should not*



COWAN
DEBAETS
ABRAHAMS &
SHEPPARD LLP

*assume that extensions will be granted as a matter of routine.*" (Emphasis in original.) We do not object to a brief extension of time to complete contemplated discovery, provided that the Court requires plaintiff to respond to Everett's First Document Requests and First Interrogatories, and provided that plaintiff cannot use this as an opportunity to extend discovery generally. Such an extension should therefore be limited to holding the deposition of principal of the Everett Collection, Inc., Ron Harvey (who is currently out of the country, but can still be available for deposition in late June as indicated in our prior letter, specifically on June 24, June 25, June 26 or July 1 or 2), and provided that Plaintiff Michael Grecco is also made available for deposition, to which it seems Mr. Greenberg is amenable. We plan to move for summary judgment for Everett shortly thereafter.

Whether discovery continues or not, plaintiff has failed to satisfy his obligation under F. R. Civ. P 26(a)(2)(B) and under paragraph 6 of the Order to identify and to provide a report by any person who plaintiff intends to call to offer expert testimony in this action. The Court should therefore order that plaintiff is precluded from offering such evidence. Plaintiff has had many months since this case was filed on September 17, 2007 to prepare these materials and to conduct discovery generally. Mr. Greenberg cannot blame defendants for the expiration of the time the Court allowed him to marshal whatever evidence he believes may exist.

Very truly yours,

Toby Butterfield

TMJB/dm
Encs.

cc: Edward Greenberg, Esq. (via FedEx, w/encs.)
*Counsel for plaintiff*
Nancy E. Wolff, Esq.
Zehra Abdi, Esq.

# EXHIBIT F

MAY 2? 2008
CHAMBERS OF
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

EDWARD C. GREENBERG, P.C.
COUNSELORS AT LAW
570 LEXINGTON AVENUE, 17TH FLOOR
NEW YORK, NY 10022

TELEPHONE: (212) 697-8777
FACSIMILE: (212) 697-2528
ecglaw@aol.com

Of Counsel:
Debra S. Reiser

MEMO ENDORSED

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____
DATE FILED: 5/29/08

May 20, 2008

By Regular Mail
~~By Facsimile: (212) 805-7390~~
Magistrate Judge James C. Francis
United States Courthouse
500 Pearl St., Room 1960
New York, NY 10007

RE: Michael Grecco v. Everett Collection
Index No.: 1:07-cv-08171

Dear Hon Judge Francis:

We represent the plaintiff, professional photographer Michael Grecco, in the above captioned action. We appeared before your Honor for a settlement conference on February 22, 2008.

We have made numerous attempts to schedule the deposition of the defendants in this matter, as evidenced by the emails between counsel annexed hereto. We have also, despite never being noticed, offered up Mr. Grecco, a California resident, to be deposed by the plaintiff in New York. Despite these attempts, defendants have taken no action.

We have made every possible attempt to obviate motion practice in this matter but find ourselves at a standstill. Due to the current posture of the defendants we have been unable to move the case forward. Having exhausted our good faith efforts to advance this litigation, we seek the permission of your Honor to make the appropriate motion.

Very truly yours,

EDWARD C. GREENBERG

Cc: Toby Butterfield

5/29/08
The discovery deadline in this case passed before any discovery disputes were raised with the Court. I am unable to extend the discovery deadline. See ¶ 8 of Judge McMahon's Nov. 16, 2007 Order. If and when Judge McMahon extends the deadline, I will consider the substance of the issues raised.

SO ORDERED.
James C. Francis IV
USMJ

# EXHIBIT G



COWAN
DEBAETS
ABRAHAMS &
SHEPPARD LLP

41 MADISON AVENUE
NEW YORK, NY 10010
t: 212 974 7474
f: 212 974 8474
www.cdas.com

June 26, 2008

**VIA EMAIL & U.S. MAIL**

Edward C. Greenberg, PC
100 Park Avenue, 33rd Floor
New York, NY 10017

**Re: Grecco vs. The Everett Collection, Inc.**
**07 cv. 8171 (CM)**

Dear Ed:

As you know, Judge McMahon's Scheduling Order requires that you file the pre-trial order with the Court by July 1, 2008. We have not heard anything from you, or seen any drafts, although for your client's claims to be tried, we must collaborate in preparing the pre-trial order. Please provide us with your contentions, witness list, and exhibits. Unfortunately time is now short, and our offices are closed tomorrow for our firm's annual retreat. We will be available on Monday and Tuesday to review your drafts.

Very truly yours,

Toby Butterfield

cc: Nancy E. Wolff, Esq.
Zehra Abdi. Esq.