Edward Greenberg, Esq. (ECG 5553)
EDWARD C. GREENBERG, P.C.
100 Park Avenue 33rd Floor
New York, NY 10017
(212) 697-8777

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MICHAEL GRECCO &
MICHAEL GRECCO PHOTOGRAPHY, INC.

                               Plaintiffs,                                  07 CV 8171 (CM)


        - against -

 THE EVERETT COLLECTION


                               Defendants.

-------------------------------------------------------------------x


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S**

**MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS**

1

## INTRODUCTION

Plaintiff submits the within memorandum of law in reply to defendants' motion for summary judgment on all claims. Plaintiff is mystified as to the necessity of the within s motion as it has provided the defendant with numerous documents definitively establishing Mr. Grecco's copyright ownership therein. Several of said documents are appended by defendant to its own motion for summary judgment. Plaintiff's ownership of the copyright sued hereunder is clear. Defendant has elected to forgo any discovery with respect to same. It can certainly not be said that when viewing the evidence in the light most favorable to the plaintiff that there is not *at least a question of fact* as to same.

## I. STANDARD

Summary judgment will be granted when "the pleadings, depositions answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

When deciding a summary judgment motion the Court must construe "the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Allianz Ins. Co. v. Lerner,* 416 F.3d 109, 113 (2d Cir. 2005). "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to [*3] any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of,

the non-movant . . . ." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 253-54 (2d Cir. 2002).

To defeat Defendant's Motion for Summary Judgment, Plaintiff must make a sufficient showing of proof on each element of his claim for which he bears the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding that the moving party is not required "to produce evidence showing the absence of a genuine issue of material fact"); *Adorno v. Lord & Taylor,* No. 97-CV-4444, 1999 U.S. Dist. LEXIS 14866, 1999 WL 759995, at *2 (S.D.N.Y. Sept. 27, 1999) (holding that plaintiff must prove "there is a reasonable amount of proof supporting the essential elements of his case which must be proved at trial").

## II.  ARGUMENT

### A.  COPYRIGHT CLAIMS

At paragraph 14 of the complaint plaintiff states, "The copyrights and registrations in all of the images relevant herein belong to Michael Grecco Photography, Inc., or Michael Grecco and no transfer, sale or assignment of same has taken place with respect to the images which are the subject of this complaint to any person or entity other than the plaintiffs."  The plaintiff continues at paragraph 23 to list the registrations and registration numbers annexed to the complaint.

For the record, plaintiff has registered every single image in accordance with the rules of the United States Copyright Office.  Several images were registered as part of group registrations.  This has been made clear by the plaintiff.  As an attachment to this motion plaintiff has provided an affidavit of Michael Grecco.  In said affidavit Mr. Grecco avers and swears that each image has been registered and the copyright belongs to

3

Michael Grecco Photography, Inc. If at any point the defendant had agreed to a deposition date on one of the numerous occasions when plaintiff has made himself available to this defendant, this information would have been available for defendant to mine at a deposition to determine whether Mr. Grecco's filings and/or representations are fallacious, spurious or insufficient as a matter of law. Defendant elected not to examine the plaintiff.

Despite being provided with registrations and despite being provided with contracts stating that Mr. Grecco retains/retained his copyright in every image covered therein defendant still saw fit to make this motion for summary judgment. Plaintiff owns a registration in every image and has provided evidence of same. The fact that plaintiff's forms fail to identify the each image covered is of no moment. While this may have made defendant's life more difficult, plaintiff has sworn that the registrations provided cover the images. The registrations were accepted for filing and are in no way defective.

Furthermore, in an effort to make the mediation session, *requested by defendant,* as fruitful as possible, the plaintiff provided defendants with voluminous supporting documents relating to the images in this case. Such documents were split up by registration. Images relating to each registration were attached along with forms showing delivery of the packages to the copyright office and licenses executed between the plaintiff and various entities in the entertainment industry. These packages were organized by registration and included the images as they appeared on defendant Everett's site, so that Everett could identify which documents were relevant to which image.

Defendant made a request for these documents mere days before the mediation session but plaintiff responded. Everett was also given a list of documents by plaintiff, weeks before the mediation session before Magistrate Judge Francis, to which the plaintiff never received the courtesy of a reply.

Defendant makes reference to the rules of the copyright office as to deposit copies. Plaintiff complied with these rules when filing with the copyright office, but such rules are of no moment as it relates to the current motion for summary judgment. Frankly, we are confused as to how defendant believes, given the evidence provided, which was annexed to the defendants motion, that there is no issue of fact as to the plaintiff's copyright ownership. Clearly defendant intends to avoid discovery and an adjudication on the merits. Its concept of making images owned by others available to be "rented" by third parties without the author's consent or financial participation is a business model outside of the copyright laws and is intended to circumvent the law.

Defendant does raise one point of law which is relevant to the within matter, *albeit* incorrectly. Defendant states in its memorandum of law that "the language of plaintiff's own alleged license agreements assigned all plaintiff's rights in the Images to the various studios." A tireless campaigner for photographic world and copyrights Mr. Grecco's licenses do not use the term "exclusive", rather Mr. Grecco maintains all rights to his images. Defendant obfuscates the issue by "educating" the court on the practices of ***other photographers whose work and practices have no relationship whatsoever to the within case.*** Mr. Grecco is of sufficient reputation and acumen to negotiate terms with studios that may differ from those that other shooters unrelated to the case at bar may (or may not) agree to.

5

The relevant parts of the licenses (which were produced to the defendant and can be examined in their entirety by this Court as an exhibit to defendant's motion for summary judgment) are reproduced here:

Section 2 of Mr. Grecco's Terms and conditions states:

Copyright protection/credit line:  *Client acknowledges that Michael Grecco Photography owns the copyright to the photographs and agrees to take all necessary precautions to insure protection of such copyright*:

a) for non-editorial use, client will provide copyright protection by placing proper copyright notice on any use.  Proper notice © (year) Michael Grecco

b) for editorial use a credit line in the form of © (year) Michael Grecco shall appear adjacent to or within the photograph itself in type no smaller than that of related text.  Failure to include the foregoing shall result in treble fees.  Client acknowledges that such treble fee is fair and reasonable for the loss of recognition and lack of copyright protection resulting from the failure to give proper copyright notice or credit line.

In light of the clear and unambiguous language above, defendant's claims and references to alleged industry practices are irrelevant and employed to deceive this Court.

Defendant similarly ignores the front of Mr. Grecco's invoice, to wit:

 "All rights of **usage** are granted to the client.  Michael Grecco retains the copyright to all photographs.  Michael Grecco also retains the right to use any photograph for personal portfolio and promotional use."

Plaintiff has also licensed many of these images, either by himself or through his then-agent Sygma with the knowledge and consent of the purported licensees. The "exclusivity" claimed by defendant did not and does not in fact exist. Had defendant deposed plaintiff it would have known that the exclusivity it claims, simply never was. Several of these licenses extended during the alleged exclusivity period, are attached hereto as Exhibit "A." In all instances the studios were fully aware of Mr. Grecco's licensing of the subject images and *have consented to such licenses*. The licenses to the studios are hardly exclusive, and therefore Mr. Grecco has not licensed away any of his rights to any of the images involved in this matter. An exercise of due diligence by defendant would have obviated the need for this motion and the unnecessary involvement of this Court's valuable resources. Rather than depose plaintiff, defendant rushed to make a motion.

The word "exclusive" does appear with regard (only) to the images from the Frankenstein movie. However, Mr. Grecco has also, with the consent of the studio, employed images from this shoot in conjunction with an advertisement for Leaf Cameras – a consumer retail product. Such licensing agreement and the consumer ad employing the Grecco image are attached hereto as Exhibit "C." This licensing agreement coupled with the consumer print advertisement constitutes irrefutable evidence that Mr. Grecco had unfettered access to, usage of, and the ability to license to others, these images. He did so on behalf of himself and third parties and maintained his copyright in same throughout. The studios affirmatively consented to such third party licensing from which they derived no financial benefit or had objections to same. While the word "exclusive" may be used in the license, such *apparent* exclusivity was vitiated by Mr. Grecco's and

the studio's actual conduct and course of dealings in these matters. No attempt to enforce or require any exclusivity was made at any time. Defendant was invited to inquire on this issue at oral deposition or via subpoenas to third parties. It emphatically declined such opportunity. Defendant's inaction thus permits this issue of fact to remain unresolved.

At the very least, construing the evidence in a light most favorable to the plaintiffs it cannot be said that a genuine issue of material fact doesn't exist as it relates to Mr. Grecco's copyright ownership. Plaintiff has, in every way, adequately demonstrated Mr. Grecco's ownership of a valid copyright in the subject images of this action. Thus, it maintains that a reasonable fact finder should have no trouble concluding that at the very least an issue of material fact exists as to whether plaintiff has a valid copyright in the images herein and has standing to pursue the infringements cited in its complaint. It certainly cannot be said, as defendants contend, that no evidence has been presented which demonstrates plaintiff is the proper claimant for the infringements cited in its complaint.

Finally, defendant wants this Court to believe that any copying in the within action was *de minimis*. It tries to cover up the fact that its very business model is one which is predatory and is completely based upon committing wholesale copyright infringement on a grand scale. Defendant's taking herein goes far beyond which of plaintiff's images they were successful in licensing. Defendant derived a benefit by having 22 of Mr. Grecco's images available as part of their licensing catalog for extended periods of time. The taking herein was not *de minimis*, defendants took the entirety of 22 of Mr. Grecco's images. By displaying the 22 images on the internet as part of their catalog defendant committed 22 separate infringements of Mr. Grecco's work.

Further it represented to the industry by so doing, that it was a an agent authorized by Mr. Grecco for the purposes of licensing his work. Mr. Grecco's reputation is substantial. He has several other agencies working on his behalf. Defendant sought to increase its own exposure and reputation in the industry as well as steer activity to its site by advertising and promoting itself as an authorized agent of Grecco imagery. .

Respectfully, defendant misunderstands the meaning of *de minimis*. It is of no moment that a relatively small amount of money was illegally obtained by defendant through the infringements but rather the size of the taking. A *de minimis* taking is one which only uses a small part of the work, the use of a line from a play in another play, a single unrecognizable note from a musical composition etc. *See*, *Thompson v. Looney's Tavern Prods.,* 204 Fed. Appx. 844 (11th Cir. Ala. 2006)("the importance of but one line in a plaintiff's work would be regarded as *de minimis*, not justifying a finding of substantial similarity.") Such is hardly the case here. Here a sophisticated licensor and licensee of professional photography wholly appropriated 22 of Mr. Grecco's registered images, falsely placed their mark upon them and made them available on the defendant's website, employing Mr. Grecco's name and reputation as a means of advertisement for the purloined works and the website as a whole. Defendant is guilty of wholesale rather than de *minimis,* copyright infringement.

Defendant made no effort to access the publicly available copyright registration records through the United States Copyright office to determine the identity of the registrant. Defendant's business plan is predicated on willful blindness to Title 17 and related issues. It performed no due diligence and never does. It harvests images much

like a farmer harvests grain.  The difference is of course that farmers harvest on their own property whereas this defendant scavenges images from the fields of other growers.

Defendant would have this court believe that it absolves itself of sin by confessing that it is bereft of copyright.  The appropriation and display however, of these images on its professional photographic website for profit is itself a violation of the rights of the copyright holders.  Such behavior is culpable by law and hardly entitles the actor to absolution.

### B.  LANHAM ACT CLAIM

Defendant mis-cites to *Dastar*, 539 U.S. 23, stating that it stands for the proposition that "The Lanham Act cannot be used to litigate claims concerning attribution or misattribution of authorship, or claims that are in essence copyright infringement claims." (Def. Brief 13).  This is not what *Dastar* stands for.  Rather, *Dastar* stands for the proposition that the Lanham Act cannot be used to litigate copyright claims on a work which had:  fallen into the public domain nor over which the originator of the source material no longer had any license, claim, or control in any respect over the material.

In fact Dastar states explicitly that "although the plaintiff's claim would have been sustained if the (defendant) had bought some of the plaintiff's videotapes and merely repackaged them as its own, the (defendant)'s alleged wrongdoing was vastly different, as the (defendant) had copied and modified the *public domain* television series." (emphasis added).   It also states that "reading "origin in a 43(a) to require attribution of uncopyrighted materials would pose serious practical problems, since without a copyrighted work as the basepoint the word origin has no discernible limits" 539 U.S. at 21.  Neither scenario applies here.

10

Defendants have in effect, repackaged Mr. Grecco's work and sold it with his mark upon it, making it appear as if he is endorsing the website as well as the "rental". We are not, as the Court is concerned with, creating a "mutant copyright law" but in fact bringing a claim under 43(a) in precisely the manner that it was intended to be used. Defendant herein is not the manufacturer of the videotapes, though it has placed its mark on them in such a way as to claim that it is theirs'. Such actions are the very definition of reverse passing off as, "reverse passing off occurs when the producer misrepresents someone else's goods as the producer's own." 539 U.S. at 21 Defendants have essentially passed off a Michael Grecco product (22 of them) as an Everett product and used Mr. Grecco's name to add legitimacy to the process. This is not a hybrid claim, it is in fact a classic Lanham Act 43(a) claim.

The images were appropriated, stolen, repackaged and made part of the Everett collection. Regardless of whether stolen jewelry finds its way to a retailer's showcase via the stealth and skill of the Pink Panther or was dislodged from its true owner via a brute force mugging, the jewelry still belongs to its rightful owner who never consented to any use by either thief. The style of the theft or con may be relevant to Hollywood, but not to the rightful owner and certainly not to this Court.

This defendant's business model is based on the arrogant assumption that it may use any image shot in connection with a television program, movie or stage play which *looks like* a publicity photo. It does not pay creators. It does not seek to verify copyright ownership. It creates the fiction of "renting" images – a term unknown to the Copyright laws. In its frenzy to accumulate massive numbers of profit making celebrity images this defendant believes it can not turn a profit while simultaneously complying with the

11

Copyright law. Lest there be no mistake, defendant's business model is on trial in this case.

## CONCLUSION

Given the foregoing, defendant's motion for summary judgment should be denied.

Dated: New York, New York
July 25, 2008

Yours, etc.

By: Edward C. Greenberg, Esq.
EDWARD C. GREENBERG P.C.
Attorney for the Plaintiffs
570 Lexington Avenue 17th Floor
New York, New York 10022
Tel:   (212) 697-8777