# EXHIBIT B

## COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
### ATTORNEYS AT LAW

FREDERICK P. BIMBLER
TOBY M. J. BUTTERFIELD
AL J. DANIEL, JR.*
TIMOTHY J. DEBAETS
ROBERT I. FREEDMAN
ELLIS B. LEVINE
MITCHELL E. RADIN
ROBERT L. SEIGEL
J. STEPHEN SHEPPARD
RALPH J. SUTTON*
KENNETH N. SWEZEY
DAVID BRUCE WOLF
NANCY E. WOLFF

ZEHRA J. ABDI
LISA K. DIGERNES
MATTHEW A. KAPLAN°
M. KILBURG REEDY
MASON A. WEISZ

PHILIP M. COWAN (1943-2001)
HOWARD ABRAHAMS (1943-1996)

OF COUNSEL:
ANNE C. BAKER
JUDITH A. BRESLER
JERROLD B. GOLD
ALBERT GOTTESMAN
ROGER E. KASS
MICHAEL D. REMER
ROBERT F. VAN LIEROP

CORRESPONDENT FIRM:
DONALDSON & HART
9220 SUNSET BLVD. STE. 224
LOS ANGELES, CA 90069
(310) 270-8394

*ALSO ADMITTED IN CA & DC
°ALSO ADMITTED IN NJ
†ALSO ADMITTED IN AR & DC

April 21, 2008

**BY HAND**
Richard O'Brien, Esq.
Law Offices of Edward Greenberg P.C.
570 Lexington Avenue, 17th Floor
New York, NY 10022

Re: <u>Michael Grecco Photography, Inc. v. Everett Collection, Inc.</u>
Case No. 07-cv-08171 (CM) (JCF)

Dear Mr. O'Brien:

As discussed by telephone today, we enclose our client's responses to your client's document requests, and responsive documents bearing Bates Numbers D0001 – D0087. Thank you for agreeing to hold these in confidence while we negotiate an appropriate protective order. We will work on a draft, which we expect to get to you in the next day or so.

We consulted with our client about deposition days, and Mr. Harvey can be available in mid-May, after which he would need to appear in mid-June, given his travel schedule.

We also enclose discovery requests on behalf of our client. We look forward to hearing from you.

Very truly yours,

Toby Butterfield

TMJB/dm
Encs.
cc: Nancy E. Wolff, Esq.
    Zehra J. Abdi, Esq.

41 MADISON AVENUE · 34TH FLOOR, NEW YORK, NEW YORK 10010
TEL: (212) 974-7474   FAX: (212) 974-8474   WEB: www.cdas.com   E-MAIL: cdas@cdas.com

{A059002.DOC/1}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL GRECCO PHOTOGRAPHY, INC., )
)
          Plaintiff, )   Case No. 07 Civ. 8171
)
v. )
)
EVERETT COLLECTION, INC., )
)
          Defendant. )
)

## DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Everett Collection, Inc. ("Everett") hereby requests that plaintiff Michael Grecco Photography, Inc. ("Grecco") produce documents for inspection and copying in accordance with the definitions and instructions set forth below. Plaintiff should serve any response upon Defendant's counsel Nancy Wolff and Toby Butterfield of the law firm Cowan, DeBaets, Abrahams & Sheppard, LLP, 41 Madison Avenue, 34th Floor, New York, New York 10010, within thirty (30) days of service of these requests.

## DEFINITIONS AND INSTRUCTIONS

These definitions and instructions supplement any applicable definitions and instructions contained in the Federal Rules of Civil Procedure. For the purposes of these requests for production ("requests"), the definitions and instructions are as follows:

    1.    "Defendant" means The Everett Collection, Inc.

    2.    The terms "You", "Your", and "Plaintiff" refer collectively to Michael Grecco Photography, Inc., its officers, directors, employees, representatives, independent contractors, agents, lawyers, partners, corporate parents, subsidiaries, affiliates, and predecessors in interest,

{A061464.DOC\4}

including Michael Grecco, and to any additional business names or entities any of them have used within the last three years.

3. The "Subject Images" means the images which Plaintiff claims herein were infringed by Defendant.

4. The terms "Person" and "Persons" are defined as any natural person or any business, legal or governmental entity or association.

5. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

6. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

7. The time period in question in these requests shall be the limitations period for any claim contained in Plaintiff's complaint.

8. "Relating to" is used in its broadest sense, and means anything that, directly or indirectly, generally or specifically, regards, relates to, refers to, concerns, contains, constitutes, contradicts, evidences, embodies, comprises, reflects, mentions, identifies, states, deals with, comments on, responds to, describes, analyses, or is in any way, directly or indirectly, relevant to the subject.

9. The phrase "in Your possession, custody or control" refers to past or present possession, custody or control.

10. If in responding to any request you claim any ambiguity in either the request or a definition or instruction applicable thereto, identify in your response the language you consider

ambiguous and include in your response the interpretation or assumptions upon which your response is made.

11. If in responding to any request you claim any objection as to the basis for not responding, respond to all parts of such interrogatory to which your objection does not apply.

12. This request is continuing in nature and must be amended and supplemented in accordance with the Federal Rules of Civil Procedure. If you become aware of or acquire in your possession, custody or control additional responsive documents or tangible things, you are requested promptly to produce such additional documents for inspection and copying.

13. If any requested documents or tangible things have been destroyed, furnish a list identifying (i) each destroyed document or tangible thing, to the extent known; (ii) the type of document or tangible thing; (iii) the subject matter of the document or tangible thing, (iv) the date of making the document or tangible thing; (v) each author, addressee, and recipient of the document or tangible thing; (vi) the date upon which and by whom it was destroyed; and (vii) the reason it was destroyed.

14. Any documents withheld on a claim of privilege must be preserved. If any documents are so withheld, you shall identify each such document by the following information.

    (i) The name, address and title of each author;

    (ii) The name, address and title of each addressee;

    (iii) Each person to whom copies were sent or distributed, and any other person to whom such document or its contents were disclosed;

    (iv) The date and subject matter of the document;

    (v) The current location of the document;

    (vi) A statement of the basis on which privilege is claimed; and.

    (vii) The requests to which the document would respond.

15. This request requires the originals to be produced for inspection and copying. If only Xerox copies, carbon copies or other copies are in your possession, custody or control, produce such copies and describe the current location of the originals (e.g. name, address and telephone number of the person(s) who currently have possession, custody, or control over the originals). If the current location is unknown, describe the last known location of the originals.

16. It is requested that all documents that might impact on the subject matter of this lawsuit be preserved and that any ongoing process of document destruction involving such documents cease. If a responsive document is not in your possession, custody or control, but known by you to exist, you are requested to identify the document.

## DOCUMENT REQUESTS

1. All documents concerning any agreements, solicitations, negotiations or conversations between Plaintiff and/or Michael Grecco and any third party involving licenses and licensing income for any of the Subject Images, and

2. Any document containing, constituting or concerning any transfer, license or assignment of copyright in the Subject Images.

3. Any document containing, constituting or concerning any authorization to disseminate or publish any of the Subject Images.

4. All contracts, in particular any fully executed contracts, between Plaintiff and any third parties concerning the photographic services to be performed regarding any of the Subject Images.

5. All contracts, in particular any fully executed contracts, between Plaintiff and one of more of the persons contained in the Subject Images; namely Gillian Anderson, David Duchovny, Renee O'Connor, Lucy Lawless, Luke Perry, Christina Applegate, Adam Goldberg, Parker Posey, Michael Madsen, Vincent Perez, Thomas Kretschmann, Ivana Millicevic, Richard

Burgi, Garrett Maggart, or Kevin Smith.

6. All documents evidencing the assignments of copyrights in each Subject Images by Michael Grecco to Plaintiff Michael Grecco Photography, Inc., which Plaintiff relied upon in its copyright applications.

7. All copyright registrations for Subject Images, including the identification of the subject image to a particular registration.

8. All correspondence with the Copyright Office concerning applications for copyright registration for Subject Images.

9. Copies of the Subject Images.

10. Documents sufficient to show where and how there was first publication of each Subject Image.

11. The continuation sheets or charts included on all applications for copyright registration of Subject Images.

12. All documents reflecting damages sustained by Plaintiff by reason of the alleged infringement of each Subject Image.

13. All calendar entries created by Plaintiff or by Michael Grecco denoting the anticipated termination of any license for each Subject Image.

14. Documents relating to all commissions or sales royalties earned by Plaintiff and/or Michael Grecco from use of the Subject Images for the past three years.

15. Documents relating to all income Plaintiff and/or Michael Grecco earned in assignment or license fees from movie and television images for the past three years.

16. Documents concerning correspondence concerning the Subject Images between Plaintiff and/or Michael Grecco and any of Fox Broadcasting Company, NCA Television Group, USA Networks, United Paramount Network or other predecessors-in-interest

or current owners of any rights in any of the Subject Images.

17. Documents concerning negotiation of agreements between Plaintiff and/or Michael Grecco and any of the aforementioned motion picture companies or their press or publicity agents concerning the scope of rights in any of the Subject Images to be retained by Michael Grecco and/or Plaintiff.

18. Documents concerning other lawsuits brought by Plaintiff and/or by Michael Grecco against third parties for the last ten years relating to his photographs including but not limited to any actions alleging copyright infringement of photographs and the details of any resolution thereof.

19. Documents concerning lectures given by Michael Grecco and/or other agents or representatives of Plaintiff concerning bringing lawsuits for copyright infringement of photographs.

20. Documents concerning all movie and television productions Plaintiff and/or Michael Grecco has worked on and the date of these productions.

21. Documents relating to all commissions or royalties paid by a network or movie studio to Plaintiff and/or Michael Grecco for the re-use of his images by a network or movie studio that originally hired him to shoot the images.

22. Documents concerning access to Defendant's website by Plaintiff and/or those acting pursuant to his, its or their request, instruction or control, including the password used to access and search Defendant's website.

23. Documents concerning the identity of people who can gain access to Defendant's website.

24. Correspondence with Everett concerning who can obtain access to Defendant's website.

25. Documents sufficient to show the identity of persons who have allegedly gained access to Defendant's website despite allegedly stating that they wished to obtain such access in order to view and use photographs for advertising use.

26. Lists of all agent or third party distributor's websites on which Plaintiff and/or Michael Grecco's movie and television images currently appear or have appeared during the last five years, the number of images on each site, the duration of time the images appeared, copies and descriptions of all the images.

27. Documents concerning Plaintiff or Michael Grecco's communications with any of his agents or third party distributors concerning the Subject Images.

28. Any promotional pieces that Plaintiff and/or Michael Grecco or his agents or third party distributor's have sent out to the media in the last five years indicating that he or they were a source for the various movie and TV images he has shot.

29. Documents concerning investigation by Plaintiff, Michael Grecco, Plaintiff's counsel and/or or anyone else concerning Plaintiff's claims in this action.

30. Documents concerning the willingness of any other parties to join in, become a party to, assist or to provide documents to Plaintiff concerning this action.

31. Documents concerning the terms on which any of the Subject Images could be reproduced, distributed or displayed.

32. Documents concerning Plaintiff or Michael Grecco's alleged agreement with Getty Images concerning use of the Subject Images in any archive or other use by Getty Images or its agents.

33. Documents concerning termination by Plaintiff or Michael Grecco of licenses for any of the Subject Images.

34. Documents concerning termination by Plaintiff or Michael Grecco of

licenses, whether pursuant to 17 U.S.C. §203(a)(3) or otherwise.

35. Documents concerning Chris Carter's use of the Subject Images in creating the television program and motion picture "The X-Files."

36. Documents concerning exploitation of the Subject Image which portrays Luke Perry in Europe.

37. Documents concerning any use by anyone of the Subject Image which portrays Luke Perry.

38. Documents concerning communications with Movieline Magazine concerning access to Defendant's website.

39. Documents concerning clients of Plaintiff's counsel who have allegedly gained access to Defendant's website.

40. Documents concerning claims by Plaintiff of copyright infringement or trademark infringement.

41. Cease and desist letters sent by or on behalf of Plaintiff concerning copyright or trademark infringement.

42. Complaints or claims for arbitration filed, sent or transmitted by Plaintiff on his or its behalf concerning copyright or trademark infringement.

43. Documents concerning damages obtained in litigation or arbitration by Plaintiff for claims of copyright or trademark infringement.

44. Documents concerning settlements obtained by Plaintiff for claims of copyright or trademark infringement.

45. Documents concerning rights granted by other third parties in any of the Subject Images.

46. Documents concerning Plaintiff's belief that Defendant's use of the

Subject Images is not authorized.

47. Documents concerning Plaintiff's belief that the true owners of rights in the Subject Images have not acquiesced in Defendant's use thereof.

48. Documents concerning Plaintiff's allegation or belief that Defendant's use of the Subject Images is not the subject of any estoppels.

49. Documents concerning any alleged instance of actual confusion.

50. Documents concerning alleged likelihood of confusion.

51. Documents concerning any alleged secondary meaning which the name MICHAEL GRECCO has achieved.

52. Documents concerning communications between Plaintiff and any person consulted by Plaintiff concerning offering of expert testimony herein.

53. Documents concerning any expert reports or drafts thereof to be offered by plaintiff herein.

54. Documents concerning statements by persons to be called or relied upon by Plaintiff as witnesses herein.

Dated:  New York, New York
        April 21, 2008

COWAN, DeBAETS, ABRAHAMS & SHEPPARD LLP

By: *[signature]*
    Toby Butterfield
    Nancy E. Wolff
    41 Madison Avenue, 34th Floor
    New York, New York 10010
    (212) 974-7474

To: Edward C. Greenberg, Esq.
    570 Lexington Avenue
    New York, NY 10022

{A061464.DOC\4}

9