UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MICHAEL GRECCO
PHOTOGRAPHY, INC.,

                Plaintiff,

- against -                                   07-CV-8171 (CM)

EVERETT COLLECTION, INC.,

                Defendant.

------------------------------------------------------------x

ORDER COMPELLING PLAINTIFF TO PRODUCE
MATERIALS DEPOSITED WITH THE COPYRIGHT OFFICE

McMahon, J.:

On September 18, 2007, plaintiff commenced this action for copyright infringement. On July 1, 2008, defendant moved for summary judgment on all of plaintiff's claims.

Plaintiff alleges that it owns copyright in twenty-two images (the "Images") of celebrities from 1990s television shows. (Compl. ¶¶ 21, 23.) Plaintiff further alleges that defendant infringed its copyrights in the Images by posting the Images on defendant's website, offering them for sale, and/or licensing them, without plaintiff's consent. (Id. ¶¶ 20, 52, 59.)

Plaintiff attached four copyright registrations, and three applications for copyright registration, to its complaint.[1] Since these registrations and applications were for published works, plaintiff was required to deposit "two complete copies . . . of the best edition of the work" with the Copyright Office. 17 U.S.C. § 408. However, plaintiff did not attach copies of its

---

[1] Our review of the U.S. Copyright Office website reveals that the applications have been processed, so plaintiff should be able to provide the court with copies of actual registrations.

- 2 -

copyrighted works to its complaint or to its motion papers, so I have no idea what the allegedly copyrighted materials look like. In addition, the copies of the allegedly infringing works that are attached to the court's courtesy copies of the motion are indecipherable. Plaintiff also did not show or explain which allegedly infringing image corresponds to which copyright registration. Finally, plaintiff did not submit a Rule 56.1 Counterstatement.

On October 23, 2007, defendant's counsel asked that plaintiff produce deposit copies of its copyright registrations, "in order to confirm whether [plaintiff] is truly the registered owner of the photographs [plaintiff] claims he owns." (Butterfield Decl., Ex. 4.) On November 15, 2007, plaintiff, through counsel, responded by re-producing the copyright registrations, applications for registration, and photocopies of the printouts from defendant's website that it had attached to its complaint. (Id., Ex. 5.) Plaintiff again failed to produce copies of the Images it deposited with the Copyright Office, so no comparison can be made between them and the allegedly infringing images.

In order to establish a prima facie case of copyright infringement, plaintiff must show (1) ownership of a valid copyright; and (2) unauthorized copying of the copyrighted work. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Because plaintiff has not submitted the materials deposited with the Copyright Office (or legible copies of the allegedly infringing materials), I cannot determine whether the Images alleged to be infringed by defendant are covered by the copyright registrations submitted by plaintiff, or whether defendant copied the Images without authorization.

I am giving plaintiff until November 14, 2008 at 3:00 PM to produce to the court (1) legible copies of the materials it deposited to the Copyright Office; (2) legible copies of the

- 3 -

allegedly infringing materials; and (3) a Rule 56.1 Counterstatement. If plaintiff fails to do so, I will be forced to grant summary judgment in favor of defendant.

Dated: New York, New York
       November 12, 2008

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

- 3 -