```
┌─────────────────────────┐
│ USDS SDNY               │
│ DOCUMENT                │
│ ELECTRONICALLY FILED    │
│ DOC #: _____  │
│ DATE FILED:  4/17/09    │
└─────────────────────────┘
```

# EDWARD C. GREENBERG, P.C.
COUNSELORS AT LAW

570 LEXINGTON AVENUE, 17TH FLOOR
NEW YORK, NY 10022

TELEPHONE: (212) 697-8777
FACSIMILE: (212) 697-2528
ecglaw@aol.com



Of Counsel:
Debra S. Reiser

## MEMO ENDORSED

April 15, 2009

BY HAND
Hon. Colleen McMahon
U.S. District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 640
New York, NY 10007
(212) 805-6329

> 4/17/09
> I am NOT reconsidering this again. If you want counsel sanctioned for improper conduct, make a motion and we'll refer to the magistrate.
> [signature] 4/17/09

Re: Michael Grecco Photography, Inc. v. Everett Collection, Inc.
Index: 1:07-cv-8171
Our File: C374

Your Honor,

    We represent the plaintiff in the above referenced matter.

    On April 7, 2009 Your Honor issued an Order in the above captioned matter modifying a finding of summary judgment in plaintiff's favor originally made by the Court on December 9, 2008. Specifically, the Court reversed summary judgment on liability of defendant's copyright infringement of photographs characterized throughout this litigation as the "Frankenstein" images.

    Your Honor relied upon a statement by plaintiff in his February 10, 2009 deposition ("for that reason and that reason only"), in which Michael Grecco states certain beliefs about the rights granted by him as the copyright holder to USA Networks. This Court should be aware of the circumstances under which the transcript came to be in the possession of the Court.

    The deposition took place on February 10, 2009. Your Honor was provided opposing counsel's letter bringing portions of Mr. Grecco's deposition to the Court's attention on February 17, 2009 (said letter attached hereto). The referenced letter delivered to Your Honor was *never delivered, transmitted, or cc'd to this office in any form on any date until today.* The Court's attention is directed to opposing counsel's enclosed FedEx records which fail to demonstrated delivery to *this office.* Additionally,

## EDWARD C. GREENBERG, PC

*counsel's email records reflect multiple e mail recipients, this office not among them.* In sum, this office was never informed that a letter would be sent to the Court submitting uncorrected and unexecuted testimony from the deposition of Mr. Grecco, for consideration by Your Honor in the already fully briefed Motion for Partial Reconsideration.

One week later, on February 24, 2009 this office was provided a copy of the deposition transcript for the first time with no indication that the transcript had been available for over a week or more importantly, that *portions of same* had been sent to Your Honor for consideration without notice to this office. Opposing counsel's letter of February 24, 2009 specifically provides that should Mr. Grecco have any corrections to his transcript he should provide defendant's counsel with an errata sheet and execute the transcript once he has reviewed it. Mr. Butterfield cherry picked three pages of a 250 page transcript to furnish to the court without notice to this office.

It was not until Your Honor's Order issued April 7, 2009, that this office learned for the first time that the Court has somehow been provided a portion of the transcript *ex parte*. Upon questioning of defendant's counsel, he provided a response on April 14, 2009 that included a copy of the February 17, 2009 letter to the Court, and the simple statement by defendant's counsel, Toby Butterfield, that he understands a copy "was mailed to you [us] at that time or shortly thereafter." As Your Honor can clearly see on the letter, it was not "cc'd" to this office as required by your individual practices.

This attempt by defendant's counsel to submit information for Your Honor's consideration of a motion, without notification to this office, is improper to say the least. The transcript is uncorrected, unexecuted, and the manner in which it was submitted prevented plaintiff from responding in any way to defendant counsel's misleading February 17, 2009 letter the Court. It should be noted that plaintiff was deposed again on April 3rd and defendant was deposed on March 20, 2009.

Pursuant to Federal Rule of Civil Procedure 60(b) we respectfully request that the Court's Order of April 7, 2009 be vacated, defendant's Motion for Partial Reconsideration be denied in full, and for such other and further relief as the court deems just given these wholly improper circumstances. The Court's courtesies are appreciated.

Respectfully yours,

EDWARD C. GREENBERG

cc: T. Butterfield, Esq.
    Atty. for Defendant
    By Hand