UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
:
: Civil Action No. 07-CV-8171 (JCM)
:
MICHAEL GRECCO PHOTOGRAPHY, INC., :
: **AMENDED**
: **ANSWER AND COUNTERCLAIM**
Plaintiff, :
:
v. :
:
EVERETT COLLECTION, INC., :
:
:
Defendant. :
:
-------------------------------------------------------------x

Pursuant to the Court's April 7, 2009 decision granting Defendant's December 23, 2008 Motion for Reargument, Defendant Everett Collection, Inc. ("Everett"), by its undersigned counsel, as and for its Amended Answer to the Complaint dated September 18, 2007, filed herein by Plaintiff Michael Grecco Photography, Inc. ("Grecco"), hereby responds and counterclaims as follows[1]:

1.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except admits that Michael Grecco is a photographer.

2.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

3.   Admits.

4.   Denies and avers that paragraph 4 does not exist in Plaintiff's Complaint. Defendant respectfully refers the Court to the Complaint.

5.   Contains only allegations of law which requires no response.

---

[1] The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

{A062969.DOC\2}

6. Contains only allegations of law which requires no response.

7. Contains only allegations of law which requires no response.

8. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

9. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

11. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

12. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

13. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

14. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

15. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

16. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

17. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

18. Denies.

19. Denies, except admits that Everett is not an agent of Grecco.

20. Denies first sentence, except admits that Everett operates an internet website possessing a URL address of www.everettcollection.com. Denies the second sentence. Denies the third sentence.

21. Defendant admits the first sentence. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity as to where Plaintiff obtained the materials in Exhibit A, and respectfully refers the Court to those Exhibits for complete recitation of the contents thereof.

22. Denies the allegations in the first sentence except, admits that Defendant placed a watermark or an "e" on images located on its website. Denies the second sentence. Denies the third sentence.

23. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and respectfully refers the Court to the contents of Exhibit B for a complete recitation of the contents thereof.

24. Denies.

25. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

26. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

27. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

28. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

29. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

30. Denies.

31. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

32. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

33. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence. Denies the second sentence.

34. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence. Denies the allegations in the second sentence except, admits that Defendant placed a watermark or an "e" on all images on its website. Denies the allegations in the third sentence, except admits that Defendant was not an agent of Grecco.

35. Contains only allegations of law which requires no response in the first sentence. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence.

36. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

37. Denies.

38. Denies.

39. Denies.

40. Denies.

41. Defendant respectfully refers the Court to the original correspondence dated July 15, 2006 and denies the remaining allegations.

42. Denies.

43. Denies.

44. Admits.

45. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence.

46. Denies.

47. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence.

48. Denies all allegations except, admits that Defendant has not made a claim to be the copyright owner of the images.

49. Contains only allegations of law which requires no response.

## COUNT 1

50. Defendant re-alleges its responses to paragraphs 1 through 49.

51. Denies all allegations except, admits that Defendant did not seek authorization from Grecco regarding the subject images and avers that it was not required to seek Plaintiff's consent.

52. Denies.

53. Denies all allegations of fact and with respect to allegations of law the Defendant is not required to respond.

54. Denies.

55. Denies.

56. Denies all allegations of fact and with respect to allegations of law the Defendant is not required to respond.

## COUNT 2

57. Defendant re-alleges its responses to paragraphs 1 through 57.

58. Denies, except Defendant admits that Everett operates an internet website possessing a URL address of www.everettcollection.com, admits it did not seek Plaintiff's

authorization, license or consent and avers that it was not required to obtain Plaintiff's authorization, license or consent.

59. Denies all allegations of fact and with respect to allegations of law the Defendant is not required to respond.

60. Denies all allegations of fact and with respect to allegations of law the Defendant is not required to respond.

61. Denies.

62. Denies.

63. Denies.

64. Denies all allegations of fact and with respect to allegations of law the Defendant is not required to respond.

## COUNT 3

65. Defendant re-alleges its responses to paragraphs 1 through 64.

66. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence.

67. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence.

68. Denies.

69. Denies.

70. Denies.

71. Denies.

72. Denies all allegations of fact and with respect to allegations of law the Defendant is not required to respond.

73. Denies.

## COUNT 4

74. Defendant re-alleges its responses to paragraphs 1 through 73.

75. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

76. Denies.

77. Denies.

78. Denies.

79. Denies.

80. Denies.

81. Denies all allegations of fact and with respect to allegations of law the Defendant is not required to respond.

82. Denies.

## COUNT 5

83. Defendant re-alleges their responses to paragraphs 1 through 82.

84. Denies.

## DEFENSES

Defendant's defenses include the following:

### First

85. Plaintiff's claims are barred because plaintiff's claimed copyright registration are nonexistent, defective or inapplicable, or were improperly obtained.

### Second

86. Plaintiff's claim for statutory damages under the Copyright Act is barred by the plain language of same, since, inter alia, the acts complained or commenced, if at all, prior to the effective date of any valid registration.

{A062969.DOC/1}7

Third

87. Plaintiff's complaint fails to set forth any claim upon which relief may be granted.

Fourth

88. Plaintiff's claims are barred in whole or in part by statutes of limitations.

Fifth

89. Plaintiff's claims are barred by the doctrine of laches, estoppel, misuse, failure to mitigate, waiver, acquiescence, license, assumption of risk, and unclean hands and by the Statute of Frauds.

Sixth

90. If and to the extent that Defendant is found to have infringed Plaintiff's alleged copyright, Defendant was an innocent copyright infringer.

Seventh

91. Use by the Defendant of any elements of Plaintiff's claimed work, if any, is de minimis and fair use.

Eighth

92. To the extent that Plaintiff has suffered any injury or damage as alleged, it is the result of the acts or omissions of those other than Defendant, over which Defendant had no direction or control.

Ninth

93. Assuming *arguendo* that Plaintiff has stated a claim under United States copyright laws, Defendant's actions were not willful.

Tenth

94. Defendant did not know and could not have reasonably known that Plaintiff asserted that the items complained of were an infringement of Plaintiff's rights.

Eleventh

95. Plaintiff lacks standing.

Twelfth

96. Plaintiff is not entitled to injunctive relief as monetary relief sufficiently may remedy any actionable harm alleged.

Thirteenth

97. The injunctive relief sought is overbroad.

Fourteenth

98. The Complaint fails to state facts sufficient for plaintiff to recover treble, exemplary or punitive damages.

Fifteenth

99. If the allegations in the Complaint are true, which Defendant denies, then any damages, if any, purportedly suffered by plaintiff were not proximately caused by Defendant's alleged conduct.

Sixteenth

100. Three of the applications attached as Exhibit B appear not to be registrations.

Seventeenth

101. Plaintiff maintains it has a claim concerning at least twenty-two images, but cannot identify or provide best edition copies of the images it claims have been registered. Defendant is currently reviewing the facts and circumstances underlying this case, and discovery has not commenced herein; Defendant accordingly reserves the right to amend these affirmative defenses or to add further affirmative defenses to the extent it deems necessary.

**FIRST COUNTERCLAIM**
(Cancellation of Invalid Copyright Registration)

102. Defendant repeats and realleges the responses in paragraphs 1 through 101 as if fully set forth herein.

103. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

104. Plaintiff has alleged herein that Defendant has infringed certain copyright protected works consisting of 23 photographs of various actors from televisions series such as the X-Files, Xena Warrior Princess, Frankenstein (the "Photographs").

105. Plaintiff alleges that it has valid certificates of registration in and to these works by virtue of the following registrations:

   VA1418420 titled "Grecco Photography-Xena 2";

   VA 1418417 titled "Grecco Photography-X Files/Fox 4";

   VA 1418418 titled "Grecco Photography-Applegate 4";

   VAu632-558 titled "Grecco Photography 6/4/04 to 6/30/04"; and

   VA 1298835 titled "Grecco Photography Xena" (collectively, the "Registrations")

106. Upon information and belief, the Registrations are invalid and should be cancelled because Plaintiff failed to submit proper deposit copies of the images it sought to register pursuant to 17 U.S.C.A §408(b)(2).

107. On Defendant's request that Plaintiff produce copies of the deposit materials that accompanied each application for registration, Plaintiff produced a stack of photocopied images, some of which were completely illegible and others which appeared to be printouts from Defendant's own website.

108. The photocopies from Defendant's website prominently feature Defendant's

watermark in the form of an oversized lowercase letter "e" and the words "everett collection" stamped over the images. The URL to Defendant's website, www.everettcollection.com, is also plainly visible. The photocopies are attached as Exhibit A.

109. Defendant, finding it hard to believe that plaintiff submitted photocopied images from its own website as its deposit for copyright registration, requested that plaintiff once again produce the deposit copies. When plaintiff produced nothing but the same set of documents it already had produced, By Order of Judge McMahon dated November 12, 2008, Plaintiff was to produce legible copies of the materials it deposited to the Copyright Office. A copy of this Order is annexed as Exhibit B.

110. Shortly thereafter, Plaintiff confirmed that its deposit material to the copyright office for the Registrations consisted of the previously produced photocopies from Defendant's website. A copy is annexed as Exhibit C.

111. Plaintiff failed to submit original negative or original images to the copyright office and instead submitted photocopied reproductions of the Photographs from a website that is neither operated nor owned by Plaintiff.

112. Plaintiff's submission to the Copyright Office is in violation of 17 U.S.C.A §408(b)(2) which requires that an applicant for copyright registration submit two copies of the "best edition" of published works it seeks to register.

113. As the photocopies from Defendant's website are not the "best edition" of the images, Plaintiff has failed to meet the statutory application requirements, and the Registrations should be cancelled pursuant to 37 CFR 201.7(c)(4).

114. Defendant has been damaged and will continue to be damaged by plaintiff's Registrations in the Photographs.

115. The continued existence of plaintiff's Registration for the Photographs

would be inconsistent with, and in derogation of, the purpose of the Copyright Act and, therefore, would cause damage to Defendant.

**WHEREFORE**, Defendant respectfully requests the following relief:

1. Trial by jury of all issues so triable.

2. That the Complaint be dismissed in its entirety and judgment entered thereupon in favor of the Defendant;

3. Cancellation of plaintiff's certificates of registration as listed in paragraph

4. That Plaintiff take nothing by this action;

5. That Defendant be awarded their attorneys fees and costs of suit herein as a prevailing party under 17 U.S.C. § 505; and

6. All such other and further relief as is just and proper.


Dated: New York, New York
      April 14, 2009

                          COWAN, DeBAETS, ABRAHAMS &
                          SHEPPARD LLP

                          By: _____
                          Toby M. J. Butterfield
                          Nancy E. Wolff

                          41 Madison Avenue, 34th Floor
                          New York, New York 10010
                          Tel.: (212) 974-7474

                          *Attorneys for Defendant Everett Collection, Inc.*